WILLIAM M. LANNING, administrator &c.,

v.

THE SISTERS OF ST. FRANCIS OF TRENTON, NEW JERSEY,
et al.

1. A charitable gift to a hospital will be sustained notwithstanding a mis-
nomer of the corporation, and it will hold the gift on the conditions and trusts
named by the donor.

2. A trust to pay over the interest of a fund to certain persons during their
lives, and to divide the principal thereafter, does not devolve upon an admin-
istrator *cum test. an.;* nor can such administrator sell lands of the decedent
and divide the proceeds as directed in the will, if a personal trust in that re-
spect was confided in the executor.

NOTE.—Under a gift to a legatee by an erroneous name without any de-
scriptive words, parol evidence has been held admissible to prove who the
testator intended should take, *Beaumont* v. *Fell, 2 P. Wms. 141;* [see *Bigelow's
Overruled Cases; Barnes* v. *Simms, 5 Ired. Eq. 396*] ; *Masters* v. *Masters, 1 P.
Wms. 425; Thomas* v. *Stevens, 4 Johns. Ch. 607; Hart* v. *Marks, 4 Bradf. 161;
Wood* v. *White, 32 Me. 340; Meadows* v. *Barry, 2 Ga. Dec. 80.* See *Knight* v.
*Bunn, 7 Ired. Eq. 77.*

The name may control an erroneous description of the legatee,
*Neathway* v. *Ham, Tamlyn 316; Garner* v. *Garner, 29 Beav. 114; Felt-
ham's Will, 1 K. & J. 528; Standen* v. *Standen, 2 Ves. 589; Re Blackman,
16 Beav. 377; Giles* v. *Giles, 1 Keen 685; Gains* v. *Rouse, 5 C. B. 422; Holmes*
v. *Cunstance, 12 Ves. 279; Stringer* v. *Gardiner, 27 Beav. 35, 4 De G. & J. 468;
Plunkett's Estate, 11 Irish Ch. 361; Newbolt* v. *Price, 14 Sim. 354; Gillett* v.
*Gane, L. R. (10 Eq.) 29; Garland* v. *Beverly, L. R. (9 Ch. Div.) 213; In re
Ingle's Trusts, L. R. (11 Eq.) 578; Dane* v. *Walker, 109 Mass. 179; Gardner*
v. *Heyer, 2 Paige 11; Smith* v. *Smith, 1 Edw. Ch. 189, 4 Paige 271; Connolly*
v. *Pardon, 1 Paige 291; Vernor* v. *Henry, 3 Watts 285; Joiner* v. *Joiner, 2
Jones Eq. 68; Gallup* v. *Wright, 61 How. Pr. 286; Bullock* v. *Zilley, Sax. 489.*

The description of the legatee may control an error in his name, *Smith* v.
*Coney, 6 Ves. 42; Blundell* v. *Gladstone, 11 Sim. 467, 1 Phil. 279, 1 H. L. Cas.
778; Thomas* v. *Thomas, 6 T. R. 671; Trimmer* v. *Bayne, 7 Ves. 508; Brad-
shaw* v. *Bradshaw, 2 Y. & C. 72; Gregory's Settlement, 11 Jur. (N. S.) 634;
Hodgson* v. *Clarke, 1 De G. F. & J. 394; Lee* v. *Pain, 4 Hare 253; Bradwin*
v. *Harpur, Amb. 374; Noble's Trusts, L. R. (5 Irish Eq.) 140; Pitcairne* v.
*Brase, Finch 403; Stockdale* v. *Bushby, 19 Ves. 381; Cook* v. *Danvers, 7 East
299; Dent* v. *Pepys, 6 Madd. 350; Bernansconi* v. *Atkinson, 10 Hare 345;*

Lanning *v.* Sisters of St. Francis.

3. A devise of "my house, * * * No. 160 Rose street," * * * to M. and A. for life, and after both shall have died the house or property shall be sold" &c., passes not only the house but all of the lands surrounding it which had been used therewith by testatrix's grantor, the whole property having been conveyed to the testatrix by one deed, and subsequently used and enjoyed by her in the same way.

4. A gift was to "Joseph C. Link's children, Mary and Sethe Link." Joseph C. Link had only two children, Mary and Sarah, who was called in the family Sadie. The will was drawn by a German.—*Held*, that Sarah was intended by the name "Sethe."

Bill for construction of will. On final hearing on pleadings and proofs.

*Mr. W. M. Lanning, in pro. pers.*

*Mr. J. S. Aitkin,* for Sisters of St. Francis and Baldauf's children.

*Adams* v. *Jones, 9 Hare 485 ; Farrar* v. *St. Catharine's College, L. R.* (*16 Eq.*) *19 ; Nunn's Trusts, L. R.* (*19 Eq.*) *331; Wolverton's Estates, L. R.* (*7 Ch. Div.*) *197 ; Carpenter* v. *Bott, 15 Sim. 606 ; Stokeley* v. *Gordon, 8 Md. 496 ; Hall* v. *Leonard, 1 Pick. 30 ; Thayer* v. *Boston, 15 Gray 347 ; Evans* v. *Hooper, 2 Gr. Ch. 204; Ex parte Hornby, 2 Bradf. 420 ; Wagner's Appeal, 43 Pa. St. 102 ; Powell* v. *Biddle, 2 Dall. 70.* See, also, *Buchanan* v. *Roy, 2 Ohio St. 251 ; Russell* v. *Marks, 3 Metc.* (*Ky.*) *40 ; Walker* v. *Wells, 25 Ga. 141 ; Tuggle* v. *Mc-Math, 38 Ga. 648 ; Morse* v. *Stearns, 131 Mass. 389.*

"To *John* and Benedict," sons of John Sweet, a son named *James*, there being no John, and only two sons, was held to be entitled, *Dowset* v. *Sweet, Amb. 175.*

"Unto Sophia Still, the daughter of Peter Still," who had but two daughters, Selina and Mary Ann, Selina took, *Still* v. *Hoste, 6 Madd. 192.*

"To my son W. two hundred acres of land ; also a negro girl named Nice * * to his wife Cinthia, during his natural life, and at his death to go to his oldest daughter." William was married in 1802 to S. L., and had by her one child, Mary, but he had separated from S. L. when Mary was an infant and married Cynthia, who was delivered of a daughter a few weeks before the will was made, and who is still living.—*Held*, that Mary took Nice. *Ward* v. *Espy, 6 Humph. 447.*

In letters of guardianship, two minors were called "Phebe Vose Sowle and Mary Jeffers Sowle, children of N. S.," and in the guardian's deed of their lands, they were called Phebe Sowle and Polly Sowle, daughters of N. S. and granddaughters of N. S.—*Held*, good, *Sowle* v. *Sowle, 10 Pick. 376.*

"To Mr. James Massie and W. G., * * * and to Mrs. G." Inquiry was ordered as to Mrs. G., *Abbott* v. *Massie, 3 Ves. 148.*

Lanning *v.* Sisters of St. Francis.

*Mr. W. D. Holt,* for Mary and Sarah Link.

THE CHANCELLOR:

This is a suit for the construction of the will of Mrs. Margaretta Mayer, deceased, late of the city of Trenton. The will was made April 28th, 1880. By the first clause the testatrix directs payment of her debts and funeral expenses. By the second and third she gives directions for her funeral and for masses. By the fourth she gives a small legacy for books for certain poor children. The fifth is as follows :

"I will $500 to the St. Francis Hospital, in Chambersburgh, Mercer county, state of New Jersey. The $500 shall remain as a fund as long as the hospital lasts. I will [that] the interest only shall be divided among the sick every year; and furthermore, I direct that every year, [on] the day of my death, [there] shall be one high mass prayed in the church or chapel of St. Francis Hospital for me and [my] family."

---

"To my niece, the daughter of my late sister Sarah." Testator had had one sister only, named Sarah Ann, who had died fifteen years previously, and had never had a daughter, and but one child, a son, who took, *Rickets's Trust, 21 Eng. L. & Eq. 66, 17 Jur. 664.*

"To my said son Thomas and my daughter Patsy, who was also born before I married her mother, and is now the wife of C. B." Patsy's heirs may show that she was legitimate, *Eringhaus* v. *Cartwright, 8 Ired. 39.*

"To Elizabeth Abbott (a natural daughter of Elizabeth Abbott, of G., a single woman who formerly lived in my service) for life, with remainder to her children." Elizabeth Abbott, of G., had a natural son, John, and afterwards married and had a legitimate daughter, Margaret, who was living. John was dead. His children took, *Ryall* v. *Hannam, 10 Beav. 536.*

"To Stokeham Huthwaite, second son of John H., and in default of issue, to John Huthwaite, third son of John H." Stokeham was, in fact, the third son, and John the second, and which one was intended was left to the jury, *Le Chevalier* v. *Huthwaite, 3 B. & Ald. 632.*

"Unto William Marshall, my second cousin." Testator had no second cousin of that name, but two first cousins once removed, one named William Marshall, and the other William John Robert Blandford Marshall, who, under the parol evidence, took, *Bennett* v. *Marshall, 2 K. & J. 740.*

In other cases, evidence to rectify an erroneous description has been held inadmissible.

"To my nephew B." Testator had two brothers, and one had a legitimate son B., and the other an illegitimate son B.—*Held,* that the legitimate son B. took, and that parol evidence to show that testator intended the illegitimate son B. to take, was inadmissible, *Appel* v. *Byers* (*Pa.*), *13 Rep. 60.*

By the sixth, she gives $500 to Augusta Mayer, directing that she have the use of the interest thereof only for life, and that after her death the fund be divided among certain persons named in that connection. By the seventh, a gift of a like sum is made to Elizabeth Schmitt, she to have the interest only of it for life, and at her death the principal to go to her two sons. The eighth is as follows:

"I will my house to Mary Baldaüf and Anthony Baldauf, No. 160 Rose street, Trenton, New Jersey; and the plate on the front door, M. Mayer, shall remain forever. Both Mary and Anthony Baldauf [shall] have the use as long as they live, and after both [shall have] died the house or property shall be sold and the money shall be divided to. (among) Anthony's first wife's children, three boys and one girl."

By the ninth she disposes specifically of certain articles of personal use. The tenth is as follows:

"To the children of my sisters Estrella and Reyna." Estrella had children and Reyna none, and had changed her name and was a nun professed when the will was drawn, but the testator had a third sister, Rebecca, who had children.—*Held*, they could not take, *Del Mare* v. *Rebello*, *1 Ves. 412, 3 Bro. C. C. 446*.

"To James son of Thomas," Thomas son of James cannot take, *Andrews* v. *Dobson, 1 Cox 425*.

"To testator's son John H. for life, then to testator's grandson John H., eldest son of the said John H." The testator's son John H. had been twice married; by his first wife he had a son Simon, by his second an eldest son John and also younger children. Evidence of testator's declarations and instructions as to which grandchild he intended, was held inadmissible, *Hiscocks* v. *Hiscocks, 5 M. & W. 363*.

"To my nephew John Henry M., of H., but late of Calcott Hall, and should he not marry, to be divided equally between Samuel M., John M. and Mary D., all of them late of Calcott Hall." There was a son Thomas, born between Samuel and Mary, but no son John. Thomas was excluded, *Mostyn* v. *Mostyn, 17 Beav. 323, 3 De G. M. & G. 140, 5 H. of L. Cas. 155*.

"To my sister M. F. T. D. * * and a portion of the residue to my niece M. F. T. D." He had a sister-in-law, M. F. T. D., but no niece, although he had nieces bearing some of the names. The gift of the residue was held void, *Drake* v. *Drake, 25 Beav. 642, 8 H. of L. Cas. 172*.

"To Francis Courtenay Thorpe, of Hampton, gentleman, my executor." There was living a youth of twelve years, to whom the name and description applied. Evidence to show that testator meant the youth's father, whose

Lanning v. Sisters of St. Francis.

"I will and appoint John Reiser, in the city of Trenton, Mercer county, state of New Jersey, in fee simple, to have power over all my real estate and personal property after I am deceased, to sell and divide all the money to Joseph C. Link's children, Mary and Sethe Link, to have the interest every year for their use only; after they become of age each one shall have [an] equal share for (of) what I will to them. The 9th part shall have their share before the 10th part; and [as to] what is left, Joseph C. Link's children shall have the half part of my real estate after all [shall have] got their share (shares) what (whom) I have named before."'

By the eleventh she gives to the two sons of her brother, Casper Link, deceased, the half of her real estate and personal property after her death. The twelfth is as follows:

"I give, devise and bequeath unto my administrator and executor, John Reiser, Trenton, Mercer county, state of New Jersey, all my estate, both real and personal and mixed, wheresoever the same is situate and of whatsoever

name was Francis Corbet Thorpe, was refused. *Peel's Case, L. R. (2 P. & D.) 46.*

"To my son, Forster Charter," who was also made executor. Testator's eldest son was William Forster Charter, but he had not lived in the vicinity for a long time, and had always been called William or Willie. The younger-surviving son was Charles Charter. Evidence of testator's declarations against the claim of W. F. C. was held inadmissible, *Charter v. Charter, L. R. (7 H. L. Cas.) 364.*

To testator's grandchildren, Margaret Diggs and Lucy Diggs, children of his daughter Catharine, and to his granddaughter, Margaret Diggs, and to his grandchildren, Celia Diggs and Dudley Diggs. Testator had a daughter Catharine, who had married John Diggs, and they were both dead when the will was made, leaving four children, Margaret, Sarah, Lucy and Dudley, and they never had any child named Celia.—*Held,* that Lucy could not take as Celia, *Yates v. Cole, 1 Jones Eq. 110.*

A gift may be made to a legatee by a nickname. *Baylis v. Atty.-Gen., 2 Atk. 239; Andrew v. Dobson, 1 Cox 425; Commercial Bank v. Clapier, 3 Rawle 339.* Thus, a legacy to testator's brother Edward, he having only one brother, named Samuel, whom he called Edward and Ned, is good. *Parsons v. Parsons, 1 Ves. 266.*

Sally, in a pauper notice to one named Sarah, was held good. *Shelburne v. Rochester, 1 Pick. 470;* and in an indictment, *Bell v. State, 25 Tex. 574.*

The following nicknames and abbreviations have been held to be equivalent to the Christian names: Andy and Andrew, *Talkington v. Turner, 71 Ill. 236;* Anny and Anne, *State v. Upton, 1 Dev. 513;* Aug. and Augustus, *Morgan v. State, 45 Ala. 64;* Barney and Barnabas, *McGregor v. Balch, 17 Vt. 567;* Ben. and

the same may consist, to the use of my administrator and executor, John Reiser, city of Trenton, Mercer county, state of New Jersey, in fee simple."

By the thirteenth she appoints Reiser executor.

The will was duly admitted to probate and letters testamentary thereon issued to Reiser by the surrogate of Mercer county, September 28th, 1880. Reiser died in May, 1881, and letters of administration *cum testamento annexo de bonis non*, were issued to the complainant. The questions submitted are whether the $500 mentioned in the fifth section shall be paid over to " The Sisters of St. Francis of Trenton, New Jersey," the corporation owning, controlling and managing the hospital mentioned in that section, and, if not, what disposition shall be made of the fund ; whether the complainant, as administrator *cum testamento annexo de bonis non*, has power to execute the trusts created by the sixth, seventh and tenth sections ; whether he has

Benjamin, *Ibid.*; Burton v. *State*, *75 Ind. 477* ; *State* v. *Taggart*, *38 Me. 299* ; Betsy and Elizabeth, *State* v. *Godet*, *7 Ired. 210* ; Bill and William, *McBeth* v. *State*, *50 Miss. 82* ; Burt. and Burton, *State* v. *Angel*, *7 Ired. 27* ; Christ. and Christopher, *Wood* v. *Bulkley*, *13 Johns. 486* ; Cuff. and Cuffy, *State* v. *Farr*, *12 Rich. 24* ; Curt. and Curtis, *Lytle* v. *State*, *31 Ohio St. 196* ; Dan'l and Daniel, *Com.* v. *Webster*, *38 Me. 300* ; Francis and Franciscus, *Griffith* v. *Middleton*, *Cro. Jac. 425* ; Harry and Henry, *Wray* v. *Thorne*, *Willes 488* ; *Rex* v. *Roberts*, *2 Stra. 1214* ; *Gordon* v. *Holliday*, *1 Wash. C. C. 285* ; but see *Garrison* v. *People*, *21 Ill. 535* ; Jas. and James, *Stephen* v. *State*, *11 Ga. 240* ; Jno. and John, *State Bank* v. *Peel*, *11 Ark. 750* ; Jo. and Joseph, *Com.* v. *O'Baldwin*, *103 Mass. 210* ; *Bolling* v. *Anderson*, *1 Tenn. Ch. 135* ; *Talkington* v. *Turner*, *71 Ill. 236* ; but see *United States* v. *Keen*, *1 McLean 429* ; *Crawford* v. *Slye*, *4 Cranch C. C. 457* ; Joan and Jane, *Griffith* v. *Middleton*, *Cro. Jac. 425* ; Joan and Jonathan, *Scott* v. *Soans*, *3 East 111* ; Julee and Juli, *Point* v. *State*, *37 Ala. 148* ; Jules and Juli, *Point* v. *State*, *1 Ala. 54* ; Liew and Louisa, *Hays* v. *State*, *40 Md. 633* ; Lou and Louisa, *State* v. *Vestal*, *82 N. C. 563* ; Margery and Margaret, *Gynes* v. *Kemsley*, *Freem. 293* ; Mary Etta and Marietta, *Goode* v. *State*, *2 Tex. App. 520* ; Nathan and Nathaniel, *Utsler* v. *Utsler*, *Wright 627* ; Phi. and Philander, *Com.* v. *Hughes*, *10 B. Mon. 160* ; Phillis and Philip, *Tudor* v. *Terrell*, *2 Dana 47* ; Polly and Mary, *Sowle* v. *Sowle*, *10 Pick. 376* ; Rich'd and Richard, *Poindexter* v. *Com.*, *6 Rand. 667* ; Sander and Alexander, *Griffith* v. *Middleton*, *Cro. Jac. 425* ; Susan and Susannah, *Trimble* v. *State*, *4 Blackf. 435* ; *State* v. *Johnson*, *67 N. C. 55* ; Th. and Thomas, *Ogden* v. *Gibbons*, *2 South. 531* ; Thos. and Thomas, *Studstill* v. *State*, *7 Ga. 2* ; Tom and Thomas, *Wolverton's Estate*, *L. R. (7 Ch. Div.) 197* ; Wm. and William, *Reg.* v. *Bradley*, *3 El. & El. 634* ; *Linn* v. *Buckingham*, *1 Scam. 451* ; *Chu-*

Lanning v. Sisters of St. Francis.

power to sell the real estate ; whether the devise in the eighth section is of all the property on Rose street on which the testatrix lived (the house thereon was numbered 160), or only that part of it on which the house and other buildings stand ; whether Joseph Link's daughter Sarah is the person referred to by the name of " Sethe " in the tenth section, and to whom and in what proportions the residue of the estate goes.

The gift of the $500 to the hospital is a valid charity. *Perry on Trusts § 699 ; Atty.-Gen. v. Moore's Exrs., 4 C. E. Gr. 503.* The gift is, in effect, to the corporation of the hospital. The misnomer will not defeat the gift *Boyle on Char. 130 ; McBride v. Elmer's Exrs., 2 Hal. Ch. 107 ; De Camp v. Dobbins, 2 Stew. Eq. 36 ; Goodell v. Union Association, Id. 32.* And it is an

*masero v. Gilbert, 26 Ill. 39 ; Boyd v. State, 7 Coldw. 69 ;* but see Opinions of Justices, 64 Me. 596 ; Ware v. McQuillan, 54 Miss. 704.

But not in the following cases : Bart. and Bartholomew, *Rives v. Marrs, 25 Ill. 316 ; Curtis v. Marrs, 29 Ill. 508 ;* Bute and Alfred, *Robinson v. State, 30 Tex. 437 ;* Dug. and Douglas, *Jones v. State, 63 Ala. 27 ;* Geo. and George, *Wilson v. Shannon, 6 Ark. 196 ;* see *Patterson v. People, 12 Hun 137 ;* May and Mary, *Kennedy v. Merriam, 70 Ill. 228 ;* but see *State v. Emeigh, 18 Iowa 122.*

The rule of *idem sonans* was applied in the following instances : Abbotsan and Abbasan, *Cotton's Case, Cro. Eliz. 253 ;* Adanson and Adamson, *James v. State, 7 Blackf. 325 ;* Adderson and Anderson, *Van Pelt v. Pugh, 1 Dev. & Bat. 210 ;* Anthron and Antrim, *State v. Scurry, 3 Rich. 68 ;* Ambrose and Ambrosis, *State v. Bayonne, 23 La. Ann. 78 ;* Augustine and Augustina, *Com. v. Desmarteau, 16 Gray 15 ;* Aramanti and Amaranti, *Musquez v. State, 41 Tex. 226 ;* Bagswell and Bagwell, *Case v. Bartholow, 21 Kan. 300 ;* Baswell and Basil, *Hyde v. Watson, 1 Denio 670 ;* Beckwith and Beckworth, *Stewart v. State, 4 Blackf. 171 ;* Benedetto and Beniditto, *Ahitbol v. Beniditto, 2 Taunt. 401 ;* Bennaux and Beneux, *Beneux v. State, 20 Ark. 97 ;* Berry and Barry, *Ratteree v. State, 53 Ga. 570 ; Berry v. Mitchell, 2 Allen (N. B.) 380 ; State v. McNamara, 3 Nev. 70 ;* Beton and Belton, *Belton v. Fisher, 44 Ill. 32 ;* Bice and Boyce, *Boyce v. Danz, 29 Mich. 146 ;* Biddulph and Puthuff, *Pillsbury v. Dugan, 9 Ohio 120 ;* Bikerstaffe and Bickerstaffe, *Heskett v. Lee, 1 Vent. 73 ;* Blackenship and Blankenship, *State v. Blankenship, 21 Mo. 504 ;* Blackman and Blackburn, *Miller v. State, 53 Miss. 403 ;* Blenkhome and Blenkin, *Stockdale v. Blenkin, 1 Price 277 ;* Boge and Bogue, *Bogue v. Bigelow, 29 Vt. 179 ;* Boswell and Roswell, *Brooking v. Dearmond, 27 Ga. 58 ;* Boson and Bozon, *Bulst. 8 ;* Boudet and Burdet, *Aaron v. State, 1 Ala. 12 ;* Braddy and Brady, *Dickerson v. Brady, 23 Ga. 161 ;* Bryon and Bryan, *Tyser v. Bryan, 2 Dowl. 640 ;* Bubb and Bobb, *Myer v. Fegaly, 39 Pa. St. 429 ;* Burdet and Boredet,

Lanning v. Sisters of St. Francis.

absolute gift by its terms. By the charter of the hospital (*P. L. of 1873 p. 928*) it is declared that the essential object of the corporation shall be the erection and maintenance of a hospital for the care of the sick, and the right of perpetual succession is granted. The corporation will take the fund and hold it on the trust declared in the will, that is, in trust to invest it and devote the interest to the purpose specified in the will—the benefit of the sick in the hospital.

The trusts created by the sixth and seventh sections of the will—to invest, pay over interest for life, and at the death of the life-tenant, divide the principal—do not devolve on the administrator. Nor does that created by the tenth section, for the benefit of the children of Joseph C. Link.

*Aaron* v. *State, 37 Ala. 106 ;* Buter and Butler, *Reeves* v. *State, 20 Ala. 33 ;* Byles and Bayles, *Hoagland* v. *Culvert, Spenc. 388 ;* Byrne and Burns, *State* v. *Burns, 8 Nev. 251;* Cahew and Cahill, *State* v. *Thompson, 20 N. H. 250 ;* Charleston and Charlestown, *Alvord* v. *Moffatt, 10 Ind. 366 ;* Chamble and Chambless, *Ward* v. *State, 23 Ala. 53 ;* Chatam and Chatham, *Roth* v. *State, 10 Tex. App. 27 ;* Chin Chan and Chin Chang, *Wells* v. *State, 4 Tex. App. 20 ;* Coburn and Colburn, *Colburn* v. *Bancroft, 23 Pick. 57 ;* Conly and Connolly, *Fletcher* v. *Conly, 2 Greene 88 ;* Conn and Corn, *Moore* v. *Anderson, 8 Ind. 19 ;* Corrigan and Corgan, *Prince* v. *McLean, 17 U. C. Q. B. 463 ;* Coonrod and Conrad, *Carpenter* v. *State, 8 Mo. 291 ;* Conway and Conaway, *Conaway* v. *Hays, 7 Blackf. 159 ;* Cuffy and Cuff, *State* v. *Farr, 12 Rich. 24 ;* Currier and Kiah, *Tibbets* v. *Kiah, 2 N. H. 557 ;* Daniel and David, *Jackson* v. *Stanley, 10 Johns. 133 ; Haul* v. *Lasher, 24 U. C. Q. B. 357 ;* Danner and Dannaher, *Gahan* v. *People, 58 Ill. 160 ;* David and Daniel, *Com.* v. *Riggs, 14 Gray 376 ; Davies* v. *Pratt, 16 C. B. 586 ;* see *Sweazy* v. *Nettles, 2 Mo. 6 ;* Davis and Davids, *Taylor* v. *Com., 20 Gratt. 825 ;* Deadema and Diadema, *State* v. *Patterson, 2 Ired. 346 ;* Danden and Darden, *State* v. *Turner, 25 La. Ann. 573 ;* De Hust and De Hurst, *Mortimer* v. *Oger, Cro. Eliz. 258 ;* Doerges and Dierkes, *Gorman* v. *Dierkes, 37 Mo. 576 ;* Domick and Domeck, *Olive* v. *Com., 5 Bush 376 ;* Dougal and Dugald, *Greenup* v. *Sewell, 18 Ill. 52 ;* Droun and Drown, *Com.* v. *Woods, 10 Gray 477 ;* Edmindson and Edmundson, *Edmundson* v. *State, 17 Ala. 179 ;* Edward Charles and Charles Edward, *Hands* v. *Clement, 11 M. & W. 816 ;* see *Haines* v. *Curry, 36 Ga. 602 ;* Edward E. T. and E. E. T., *Union Bank* v. *Tillard, 26 Md. 446 ;* see *Graham* v. *State, 40 Ala. 659 ;* Edward and Edwin, *Mann* v. *Birchard, 40 Vt. 326 ; Grant* v. *Clapp, 106 Mass. 453 ;* Elbertson and Elberson, *Elberson* v. *Richards, 13 Vr. 70 ;* Ellen and Helen, *Taylor's Case, 20 Gratt. 829 ;* but see *Thomas* v. *Desney (Iowa), 10 N. W. Rep. 315 ;* Emmens and Emmonds, *Lyon* v. *Cain, 36 Ill. 362 ;* Erlin and Erlwin, *Cromwell* v. *Grundsen, Salk. 462 ;* Farelly and Farley, *Leonard* v.

Nor has the administrator power to sell the real estate. The power to sell is given, by the tenth section, to Reiser personally. The words "in fee simple," in that connection, were probably used as synonymous with "absolutely." By that section (it precedes his appointment as executor) power is given to him individually, over all the real and personal property of the testatrix, to sell it and divide the proceeds; and by the twelfth section, which also precedes the section appointing him executor, the testatrix gives to him, as executor, and to his use as such, all her property. He evidently was clothed with a trust, not with a mere power of sale. While a naked power of sale would, by virtue of the statute (*Rev. p. 398 § 11*), devolve upon the administrator, a trust, in the absence of any provision in the will that it shall do so, does not. *Brush* v. *Young, 4 Dutch. 237.*

---

*Wilson, 2 Cr. & M. 589 ;* Faster and Foster, *Foster* v. *State, 1 Tex. App. 533 ;* Finnegan and Finegan, *People* v. *Mayworm, 5 Mich. 146 ;* Flory and Florez, *State* v. *Florez, 5 La. Ann. 429 ;* Foster and Forster, *Rutland* v. *Forster, Cro. Jac. 77 ;* Fouria and Fourai, *State* v. *Timmens, 4 Minn. 325 ;* Franciscus and Francis, *Griffith* v. *Middleton, Cro. Jac. 534 ;* Gardiner and Gardner, *Rector* v. *Taylor, 12 Ark. 128 ;* Geesler and Geissler, *Cleaveland* v. *State, 20 Ind. 444 ;* Garret and Jared, *Graham* v. *Roberts, 1 Head 56 ;* Gidines and Giddings, *State* v. *Lincoln, 17 Wis. 519 ;* Gigger and Jiger, *Com.* v. *Jennings, 121 Mass. 47 ;* Gravaier and Gravier, *Rector* v. *Taylor, 12 Ark. 128 ;* Harman and Herman, *Kahn* v. *Herman, 3 Ga. 266 ;* Hopper and Harper, *Jester* v. *Harper, 13 Ark. 43 ;* Harris and Harrison, *State* v. *France, 1 Overt. 434 ;* Haverly and Havely, *State* v. *Havely, 21 Mo. 498 ;* Hearn and Hearne, *Coster* v. *Thomason, 19 Ala. 717 ;* Henderson and Henry, *Henry* v. *Curry, 1 Abb. Adm. 433 ;* Heremon and Harriman, *State* v. *Bean, 19 Vt. 530 ;* Hinsdall and Hinsdale, *Meredith* v. *Hinsdale, 2 Caines 361 ;* Hubble and Hubbles, *Cotton* v. *State, 4 Tex. 260 ;* Hudson and Hutson, *Cato* v. *Hutson, 7 Mo. 142 ; Chapman* v. *State, 18 Ga. 736 ; State* v. *Hutson, 15 Mo. 512 ;* Hutchinson and Hutcheson, *State* v. *Stedman, 7 Port. 495 ;* Janes and James, *James* v. *Whitbread, 11 C. B. 406 ;* Japheth and Japhath, *Morton* v. *McClure, 24 Ill. 257 ;* Jna. and Jno., *United States* v: *Hinman, Bald. C. C. 292 ;* Joacob and Jacob, *Aboat's Case, 1 Mod. 107 ;* Joan and Jane, *Griffith* v. *Middleton, Cro. Jac. 425 ;* Josier and Josiah, *Schooler* v. *Asherst, 1 Litt. 216 ,* Kamberling and Kimberling, *Houston* v. *State, 4 Greene 437 ;* Kay and Key, *Dickinson* v. *Bowes, 16 East 112 ;* Keeland and Kneeland, *Hammond* v. *Reddin, Dud. (Ga.) 177 ;* Keen and Keene, *Com.* v. *Riley, Thach. Cr. Cas. 67 ;* Klune and Cluin, *Com.* v. *Gill, 14 Gray 400 ;* Lancester and Lancaster, *Anon., Aleyn 91 ;* Land and Lance, *Davenport* v. *State, 38 Ga. 184 ;* Langford and Lankford, *State* v. *Mahan, 12 Tex. 283 ;* Lawrance and Lawrence, *Webb* v.

Lanning v. Sisters of St. Francis.

The tenth section creates a trust to sell, invest half of the net proceeds, and pay over the interest to Joseph C. Link's children until they shall attain to majority, and then to divide. Moreover, it appears clearly, from the will, otherwise—that the testatrix confided in Reiser, for, as before stated, the power to sell is to him individually, and not as executor, and the gift of the legal title, though to him as executor, was intended to be in aid of the power previously given. The power given by the tenth section is over all the estate, real and personal, and of course extends to and covers the property mentioned in the eighth section. The trusts created by the sixth, seventh and tenth sections are not incumbent on the administrator, and the power of sale given by the tenth does not devolve on him.

The devise in the eighth section—of the testator's house, No.

Lawrence, 1 Cr. & M. 806 ; Lington and Lincoln, Armstrong v. Colby, 47 Vt. 359 ; Lebrun and Lebering, Ketland v. Lebering, 2 Wash. C. C. 201 ; Litherbarrow and Letherbarrow, Letherbarrow v. Ward, 5 Jur. 388 ; Little and Lytle, Lytle v. People, 47 Ill. 422 ; Littlemore and Lidamore, Parker v. People, 97 Ill. 32 ; Loyons and Lyons, Roe v. Doe, 32 Ga. 39 ; Lutle and Little, O'Neil v. State, 48 Ga. 66 ; McConnellsburg and Connellsburg, Gibson v. Gibson, 20 Pa. St. 9 ; McDonell and McDonald, McDonald v. People, 47 Ill. 533 ; McInnis and McGinnis, Barnes v. People, 18 Ill. 52 ; McNicole and McNicoll, Reg. v. Wilson, 1 Denison 284 ; McLaughlin and McGloflin, McLaughlin v. State, 52 Ind. 476 ; Margaret N. and Margaret Ann, Dilts v. Kinney, 3 Green 130 ; Marres and Mars, Com. v. Stone, 103 Mass. 421 ; Malay and Mealy, Com. v. Donovan, 13 Allen 571 ; May and Mayo, Mayo v. State, 7 Tex. App. 342 ; Michaels and Michals, State v. Houser, Busb. 410 ; Minner and Minor, Jackson v. Boneham, 15 Johns. 226 ; Mawre and Moore, Countess of Rutland's Case, 5 Co. 42 ; Montacue and Montague, State v. Montague, 2 McCord 257 ; Mordern and Modern, Langdale v. People, 100 Ill. 263 ; Moss and Morse, Litchfield v. Farmington, 7 Conn. 108 ; Murrah and Murray,

, 11 Ala. 287 ; Ogilbee and Ogilsbee, Hamilton v. Langley, 1 McMull. 498 ; O'Mara and O'Meara, O'Meara v. North Amer. Co., 2 Nev. 112 ; Palus Cheal and Paulus Cheale, Codwell's Case, 5 Co. 42 ; Owens and Owen, State v. Havely, 21 Mo. 498 ; Patterson and Petterson, Jackson v. Cody, 9 Cow. 140 ; Peirs and Peter, Griffith v. Middleton, Cro. Jac. 425 ; Peregran and Peregrine, Dunn v. Clements, 7 Jones 58 ; Petrie and Petris, Petrie v. Woodworth, 3 Caines 219 ; Pettis and Pittis, Hutts v. State, 7 Tex. App. 44 ; Penryn and Pennyrine, Elliott v. Knott, 14 Md. 121 ; Pillsby and Pillsbury, Pillsbury v. Dugan, 9 Ohio 117 ; Pilip and Philip, Taylor v. Rogers, Minor 197 ; Poll and Polly, McAllister v. Clark, 86 Ill. 237 ; Preyer and Prior, Page v. State, 61 Ala. 16 ;

160 Rose street—is a devise of the whole property which she owned there. The property was conveyed to her by Frederic Miller, in an exchange of properties between them. When she got it, the property was all in the possession of Miller, and was all used by him for a residence and place of business. He lived in the house, and carried on his business of a butcher in the buildings on the rear of the property. He bought the property in three different parcels—first, the lot on which the house and all the other buildings (except perhaps a stable) are. The house is at the northerly corner of the lot, and the other buildings cover all the rear. That lot was forty feet front and rear, by about one hundred and seventy deep. While, as yet, he owned only that lot, Miller had access to the buildings on the

Prodestant and Protestant, *White* v. *State, 69 Ind. 273 ;* Read and Reed, *State* v. *Potts, 4 Halst. 41 ;* Redus and Reder, *Hunter* v. *State, 8 Tex. App. 75 ;* Robertson and Robinson, *Clark* v. *Robinson, 88 Ill. 498 ;* Rennoll and Rennolls, —————— v. *Rennolls, 1 Chit. 659 ;* Robert Rodger Strang and Robert Roger Strong, *In re Smith, 10 C. B. (N. S.) 344 ;* Roffenberg and Rifenberg, *Whita ker* v. *Wheeler, 44 Ill. 440 ;* Samul and Samuel, *Fenn* v. *Alston, 11 Mod. 284 ;* Seam and Couture, *Augur* v. *Couture, 68 Me. 427 ;* see *Labat* v. *Ellis, Taylor (N. C.) 148 ;* Kuhlman v. *Brown, 4 Rich. 479 ;* Lambert and Blackman, *1 Blackf· 59 ;* Segear and Seger, *Brunger* v. *Seger, 1 Ro. 425 ;* Segrave and Seagrave, *Williams* v. *Ogle, 2 Stra. 889 ;* Sarmine and Sarmin, *Cull* v. *Sarmin, 3 Lev. 66*;* Seden and Soden, *Wyatt* v. *Barwell, 19 Ves. 435 ;* Shacraft and Shacroft, *Denner* v. *Shacroft, Cro. Eliz. 258 ;* Shipcott and Shapcott, *Bowen* v. *Shapcott, 1 East 542 ;* Sheals and Shields, *Shields's Estate, 3 Luz. Obs. 174 ;* Sinclair and St. Clair, *Rivard* v. *Gardner, 39 Ill. 125 ;* but see *1 And. 211 ;* Sin Groon and Sin Goon, *People* v. *McNealy, 17 Cal. 332 ;* Sontay and Sunday, *Sunday* v. *State, 14 Mo. 417 ;* Sofia and Sofira, *Owen* v. *State, 7 Tex. App. 329 ;* Spangle and Spangler, *Spangler's Case, 11 Mich. 298 ;* Stratford and Stafford, *Wilson* v. *Stafford, 2 Chit. 355 ;* Steven and Stevens, *Stevens* v. *Stebbins, 4 Ill. 25 ;* Stoydell and Stogdell, *Dyer* v. *People, 84 Ill. 624 ;* Stormer and Stermer, *Sample* v. *Robb, 16 Pa. St. 305 ;* Symons and Symonds, *Allen* v. *Symonds, 4 Mod. 347 ;* Thonpson and Thompson, *State* v. *Wheeler, 35 Vt. 261 ;* Tinmarsh and Tidmarsh, *Homan* v. *Tidmarsh, 11 Moore 231 ;* Townsen and Townsend, *Townsend* v. *Ratcliffe, 50 Tex. 148 ;* Trobridge and Trowbridge, *Buhl* v. *Trowbridge, 42 Mich. 44 ;* Watford and Wadford, *Hayes* v. *State, 58 Ga. 35 ;* West Route and Western Route, *Huddleson* v. *Reynolds, 8 Gill 332 ;* Wanser and Wanzer, *Wanzer* v. *Baker, 4 How. (Miss.) 363 ;* Westley and Wesley, *Proudfoot* v. *Lount, 9 Grant Ch. 70 ;* Weston and Wason, *Symmers* v. *Wason, 1 B. & P. 105 ;* Whitman and Whiteman, *Henry* v. *State, 7 Tex. App. 383 ;* Whyneard and Winyard, *Rex* v. *Foster, Russ. & R. 412 ;* Whatson and Watson, *Toole* v. *Peterson,*

rear of it by means of a way of his own over it, from Rose
street.   He next bought a strip of land sixteen feet wide, for a
passage-way from the tow-path of the canal (which is south of
his lot) to the rear of his lot.   The northerly line of this strip
was coincident with so much of the southerly line of his lot
at the extreme rear end, and the strip lay at right angles
to the lot.   Afterwards he ceased to use this way, and perma-
nently closed it up.   He bought another lot, adjoining both.
That lot was twenty feet front and rear, and lay between Rose
street and the sixteen-foot strip.   Of this he fenced off a strip
eleven feet wide, on the southerly side, for about half the depth
of the lot, for an alley or passage-way to his buildings in the
rear of the house, and having no further need of the way he

9 Ired. 180 ; Wilkinson and Wilkerson, *Wilkerson* v. *State, 13 Mo. 91 ;* Wil-
liam and Williams, *Williams* v. *State, 5 Tex. App. 226 ;* see *United States* v.
*Howard, 3 Sumn. 12 ;* William and Wendelin, *Hommel* v. *Devinney, 39 Mich.
522 ;* William Hamilton M. and William Henry M., *Newton* v. *Maxwell, 2 C.
& J. 215 ;* Witter and Witte, *Witte* v. *Meyer, 11 Wis. 295 ;* Wolley and Wool-
ley, *Power* v. *Wooley, 21 Ark. 462.*

   But not in the following ones : Agnes and Anne, *2 Roll. Abr. 135 ;* Asher
and Ashley, *Bates* v. *State Bank, 7 Ark. 394 ;* Adderley and Adderby, *Adderby*
v. *Bouthby, Mo. 407 ;* Alvers and Albers, *Albers* v. *Whitner, 1 Story 319 ;*
Aaron and Lamon, *Barnes* v. *Simms, 5 Ired. Eq. 392 ;* Abie and Avie, *Burgamy*
v. *State, 4 Tex. App. 572 ;* Absolem Baxter and Absalom Backus, *Final* v. *Backus,
18 Mich. 218 ;* Alexander and Andrew, *Henderson* v. *Ballantine, 4 Cow. 549 ;*
Ammon and Amann, *Amann* v. *State, 76 Ill. 188 ;* Ap Pell and Ap Bell, *Floyd*
v. *Bethell, Danv. Abr. 331;* Barent and Barnard, *Duncommon* v. *Hysengen, 14
Ill. 249 ;* Barham and Barnham, *Kirk* v. *Suttle, 6 Ala. 681 ;* Barnep and Bar-
nap, *Reg.* v. *Carter, 6 Mod. 168 ;* Baskervill and Baskerfield, *Macduncon* v.
*Stafford, 2 Roll. 168 ;* Bernard and Berend, *Wilks* v. *Lorck, 2 Taunt. 399 ;* Bill
and Bull, *Bull* v. *Traynham, 3 Rich. 433 ;* Bauman and Bowman, *Arbuckle* v.
*Bowman, 6 Iowa 7 ;* Bolling and Bowling, *Com.* v. *Kearns, 1 Va. Cas. 109 ;*
Brimford and Binford, *Entrekin* v. *Chambers, 11 Kan. 368 ;* Brow and Brown,
*Brown* v. *Marqueze, 30 Tex. 77 ;* Byrly and Byerly, *United States* v. *Wilson,
Bald. C. C. 83 ;* Burrill and Burrall, *Com.* v. *Gillespie, 7 Serg. & R. 469 ;* Carl-
ton and Colton, *Colton* v. *Stanwood, 67 Me. 25 ;* Carrigan and Kerriken, *Kerri-
ken* v. *Copeland, 3 Kerr 567 ;* Cocker and Cocken, *Finch* v. *Cocken, 2 C. M. &
R. 196 ;* Cummins and Comyns, *Cruikshank* v. *Comyns, 24 Ill. 602 ;* Cousin
and Cozen, *Mariot* v. *Mascoll, And. 212 ;* Crouch and Couch, *Whitwell* v. *Ben-
nett, 3 B. & P. 559 ;* Della and Dellia, *Vance* v. *State, 65 Ind. 460 ;* Donald
and Donnel, *Donnel* v. *United States, Morris 141 ;* Dunlair and Dunbar, *Brey-
fogle* v. *Beckley, 16 Serg. & R. 264 ;* Ebenezer and Edward, *Slasson* v. *Brown,*

had used over the lot on which the house is, he discontinued it,. and used all the property between the house and the alley fence as ornamental grounds, planting shrubbery thereon &c. He occupied the whole of the property for his own purposes of residence and business, as before stated. His slaughter-house was on the rear of the house lot. The testatrix obtained all the property from him in one transaction—the exchange before stated. It was conveyed to her by one deed. There is no evidence at all that she intended, by the devise in question, to devise anything less than the whole property. There is no building on the front except the house, and that, as before stated, is numbered 160.

20 Pick. 436 ; Edward and Edmund, Watkins v. Oliver, Cro. Jac. 558 ; Latham's Case, 1 P. R. (Can.) 91 ; but see Flood v. Randall, 72 Me. 439 ; Middleton v. Findla, 25 Cal. 76 ; Elijah and Elisha, Robinson v. Neal, 5 Mon. 216 ; Craig v. Brown, Pet. C. C. 139 ; Elisha and Ezra, Doughty v. Conover, 13 Vr. 197 ; Elisha Davidson and Elijah B. Davison, Mead v. State, 26 Ohio St. 505 ; Emeline and Evelina, Scott v. Ely, 4 Wend. 557 ; Elizabeth and Isabel, 1 And. 212 ; Farrow and Farrar, Farrar v. Fairbanks, 53 Me. 143 ; Favers and Faver, Faver v. Robinson, 46 Tex. 204 ; Fitz Patrick and Fitzpatrick, Moynahan v. People, 3 Colo. 367 ; Flory and Fleurer, Imhoff v. Fleurer, 2 Phila. 35 ; Frances and Francis, Anon., 1 Moore 126 ; Franks and Frank, Parchman v. State, 2 Tex. App. 228 ; Gabriel Carter and Carter Gabriel, Collins v. State, 43 Tex. 577 ; see Reg. v. James, 2 Cox C. C. 227 ; Goodwright and Goodnight, Cherry v. Ferguson, 2 McMull. 15 ; Grautis and Gerardus, Mann v. Carley, 4 Cow. 148 ; Griffin and Griffeth, Henderson v. Cargill, 31 Miss. 367 ; Grimanda and Grimalda, Hayney v. State, 5 Ark. 72 ; Hemessey and Hennessey, Com. v. Mehan, 11 Gray 321 ; Hudgins and Hudgson, McClellan v. State, 32 Ark. 609 ; Hudson and Jones and Hudson and James,. Gayle v. Hudson, 10 Ala. 116 ; Humphreys and Humphrey, Humphrey v. Whitten, 17 Ala. 30 ; Johua and Joshua, Boren v. State Bank, 8 Ark. 500 ; Jonathan McCarver and John McCravey, McCravey v. Cox, 24 Ark. 574 ; J. Sheppherd Diggs and James Shepard Diggs, Diggs v. State, 49 Ala. 311 ; Jeffery and Jeffries, Marshall v. Jeffries, 1 Hempst. 299 ; Jonh Gariel Tardy and John G. Tardy, Tardy v. State, 4 Blackf. 152 ; John Thomas and James Thomas, Coles v. Gum, 8 Moore 526 ; see Garner v. Weller, 11 Moore 457 ; John Henry Oviatt and John Hilder Oviatt, Thompson v. Oviatt, 2 Allen (N. B.) 118 ; Josias and Josiah, Johnson v. Cooper, 5 Moore 472 ; King and Ring,. Anon., 1 East 180 note ; Kritler and Kladder, Brotherline v. Hammond, 69 Pa. St. 128 ; Labern and La Barron, Lanesborough v. New Ashford, 5 Pick. 190 ; Lemuel and Samuel, Loomis v. Moffitt, 5 Ohio 358 ; Jennings v. Wood, 20 Ohio 261 ; Lindly and Lindsey, Roberts v. State, 2 Tex. App. 4 ; Lorez and Lorey,. State v. Lorey, 1 Brev. 395 ; Lyons and Lynes, Lynes v. State, 5 Port. 236 ; Mc-

The gift in the tenth section, to "Sethe," daughter of Joseph C. Link, is undoubtedly intended for his daughter Sarah, who was called in the family, "Sadie." The will was drawn by Reiser, who was a German. This will account for the peculiar spelling of the name. Joseph C. Link never had any children except his two daughters, Mary and Sarah.

The intention of the testatrix was that, after satisfying the legacies given in the sections of the will preceding the tenth, the residue was to be equally divided between the two daughters of her deceased brother, Joseph C. Link, who were to have half, and the two sons of her deceased brother, Caspar Link, who were to have the other half. She says the "ninth part shall

---

Glenn and Glenn, *Martin* v. *State*, *16 Tex. 240;* McCarn and McCann, *Rex* v. *Tannett, Russ. & R. 351;* McKaskey and McCoskey, *Black* v. *State, 57 Ind. 109;* McMickle and Mickle, *Fenton* v. *Perkins, 3 Mo. 144;* McKee and Mc-Ree, *McRee* v. *Brown, 45 Tex. 503;* Mayo and Mayhue, *Merrick* v. *Mayhue, 40 Mich. 196;* Mathews and Mather, *Robson* v. *Thomas, 55 Mo. 581;* Melvil and Melvin, *Melvin* v. *Fisher, 8 N. H. 406;* Melvin and Melville, *State* v. *Curran, 18 Mo. 320;* Michael and Mitchell, *McGuire* v. *State, 35 Miss. 366;* Otha and Oatha, *Brown* v. *People, 66 Ill. 344;* Pike and Pite, *Barnes* v. *Simms, 5 Ired. Eq. 392;* Prison and Brisson, *Com.* v. *Huffman, Addis. 141;* Quartus and Gerardus, *Mann* v. *Carley, 4 Cow. 148;* Ray and Roy, *Buchanan* v. *Roy, 2 Ohio St. 251;* Richard James and James Richard, *Jones* v. *Macquilan, 5 T. R. 195;* see *Re Crawford, 1 Myl. & C. 240;* Robert and Robinson, *Dulany* v. *Norwood, 4 Harris & McH. 496;* Rodgers and Rodger, *McDonald* v. *Rodger, 9 Grant Ch. 75;* Rufus and Russell, *Pitts* v. *Brown, 49 Vt. 86;* Samuel and Stephen, *People* v. *Hughes, 41 Cal. 234;* Samuel S. G. and Daniel S. G., *Griswold* v. *Sedgwick, 6 Cow. 456;* see *Roe* v. *Derys, Cro. Car. 563;* Saunders and Launders, *Jenne* v. *Jenne, 7 Mass. 94;* Schoonover and Schoonoven, *Schoonoven* v. *Gott, 20 Ill. 46;* Sedbetter and Ledbetter, *Zellers* v. *State, 7 Ind. 659;* Sensenderf and Sensenderfer, *Com.* v. *Bowers, 2 Brews. 350;* Shakespeare and Shakespear, *Rex* v. *Shakespear, 10 East 83;* Shutliff and Shirtliff, *Gordon* v. *Austin, 6 T. R. 611;* Semons and Semon, *Semon* v. *Hill, 7 Ark. 70;* Seymour and Seigmund, *Scholes* v. *Ackerland, 13 Ill. 650;* Smith & Weston and Smith & Wesson, *Morgan* v. *State, 61 Ind. 447;* Sophia Sherr and Albertine Scheer, *Scheer* v. *Keown, 29 Wis. 586;* Sylvius and Sylvanus, *Butterfield* v. *Johnson, 46 Ill. 68;* Tarbart and Tabart, *Bingham* v. *Dickie, 5 Taunt. 14;* Thomas B. Han and Thomas B. Hanly, *Hanly* v. *Campbell, 4 Ark. 562;* Truman H. and Freeman H., *Farnham* v. *Hildreth, 32 Barb. 277;* Uterburgh and Hudiburgh, *Uterburgh* v. *State, 8 Blackf. 202;* William and Wilhelm, *Becker* v. *German Ins. Co., 68 Ill. 412;* Willison and Williston, *Bull* v. *Franklin, 2 Spears 46;* Yoest and Joest, *Heil's Appeal, 40 Pa. St. 453.* Gdema Carty and Gustave de ma Carty, *Moulton* v. *de ma Carty, 6 Rob. (N. Y.) 470.* See, further, *24 Alb. L. J. 444.*—Rep.

have their share before the tenth part," meaning that the gifts given by the first nine sections shall be first satisfied; and she adds, "and [of] what is left, Joseph C. Link's children shall have the half part of my real estate after all [shall have] got their share (shares) what (whom) I have named before." Though by this last sentence, while it is said that Joseph C. Link's children are to have the half of her real estate, no mention is made of the personal, yet, from the preceding part of the section, it is manifest that she intended that they should have half of the residue, without regard to its character as real or personal property. No further disposition is made of the residue of the personal estate, except in the gift to Caspar's sons, of half of the real and personal property.

There will be a decree in accordance with the views above stated.