GEORGE GOODELL and others, executors,

*v.*

THE UNION ASSOCIATION OF THE CHILDREN'S HOME, OF BURLINGTON COUNTY, and others.

1. A misnomer of a corporation legatee will not defeat a bequest if such legatee can be identified.

2. A gift to "Trinity Church Sunday School in Mount Holly, $1,000 to be safely invested, the interest to be applied to making Christmas presents to the scholars of said school," is not a legal charity, and is void, also, for uncertainty in not designating the kind of gifts, and because such distribution is indiscriminate as to persons and devoid of all purpose.

3. A gift of "the interest of $1,000 yearly to help form a Young Men's Christian Association," etc., is good as a charity, and will be

applied not only to assist in the formation of such association, but also in its maintenance.

4. A gift to testator's brother (with a provision for a trustee or trustees in his stead in case of his refusal or death) " of $10,000 to the end that the interest be applied at discretion to alleviating the wants and sufferings of the deserving poor of Mount Holly," is a charity which this court will protect and effectuate.

---

Bill for construction of will.    On bill and answer.

*Mr. John C. Ten Eyck,* for complainant.

*Mr. F. B. Levis,* for Union Association.

The Chancellor.

J. Wardell Brown, deceased, late of the county of Burlington, by his will, dated June 10th, 1872, gave to " The Children's Home of Mount Holly," $500; to " Trinity Church Sunday School in Mount Holly," $1,000, to be safely invested, the interest " to be applied to making Christmas presents to the scholars of said school;" and he gave " the interest of $1,000 yearly to help form a Young Men's Christian Association in Mount Holly, New Jersey." He also made the following bequest:

" I give to my brother, Charles Brown, and his heirs and assigns if he dies before me, the sum of $10,000 in trust; nevertheless, the amount to be placed at interest on good and well-secured bond and mortgage, the interest arising therefrom to be applied to alleviating the wants and suffering of the deserving poor of the town of Mount Holly, my brother to be the distributer of the said interest during his life, to be distributed by him as in his best judgment is right and proper, yearly and every year. But if he declines the trust, or in the event of his death, then guardians or trustees to be appointed in the usual manner in such cases, who will faithfully carry out the design of this bequest, to be invested in the best securities."

The bill is filed for the purpose of obtaining the direction of this court as to the payment of those legacies.

When the will was made there was not, and there has not been since then, any charitable institution of the name of the " Children's Home of Mount Holly," but there then was, and ever since has been, a charitable institution there known by that name, and having as its sign on its building the words "Children's Home," but it was incorporated by the name of " The Union Association of the Children's Home of Burlington County." It is the only " Children's Home " in that place. It has for years past had, as it still has, a house and land there devoted to its charitable purposes, which are the providing and maintaining there a home for its beneficiaries, who are destitute white children, and it supports, provides for and trains up such children there entirely out of its own funds. By its act of incorporation it is authorized to take and hold real and personal property. There is no corporate institution in Mount Holly by the name of " Trinity Church Sunday School in Mount Holly," but there is, and was when the will was made, an incorporated religious society there by the name of " The Rector, Wardens and Vestrymen of Trinity Church in Mount Holly." It has a Sunday school connected with it, and constituting part of its means of religious instruction and worship.

At the time of the making of the will there was no Young Men's Christian Association in Mount Holly, but since the death of the testator one has been formed, and incorporated by the name of " The Young Men's Christian Association of Mount Holly, New Jersey." The testator's brother, Charles Brown, died in the life-time of the testator.

There is no reason to doubt that the legacy to the " Children's Home of Mount Holly" was intended for the " Union Association of the Children's Home of Burlington County." The misnomer is immaterial.

The gift to the Sunday School of Trinity Church was obviously intended for the Sunday school connected with the church of " The Rector, Wardens and Vestrymen of Trinity Church in Mount Holly." The gift is for the

purpose of annually providing Christmas presents for the children. What the gifts are to be does not appear. It does not appear that they are even to be rewards of merit, or to be used as means of inducing attendance on the part of the scholars at the school, or of promoting their good conduct there, or of inciting them to attention to religious instruction given to them there; nor whether they are to be given to all the scholars or part only. The gift is in trust, and it is not a charity in the legal sense. It is void.

The will gives " the interest of $1,000 yearly to help form a Young Men's Christian Association in Mount Holly, New Jersey." It will be perceived that this gift is a trust for the payment of the interest yearly. The testator's intention manifestly was not merely to assist in the formation of a " Young Men's Christian Association," but, also, to aid in maintaining one when formed. Such a gift will be maintained. *Porter's Case*, 1 *Rep.* 55; *Att'y-Gen.* v. *Bishop of Chester*, 1 *Bro. C. C.* 444; *Att'y-Gen.* v. *Williams*, 4 *Bro. C. C.* 526; *Inglis* v. *Sailors' Snug Harbor*, 3 *Pet.* 115. The object is clear, and it is a charitable one in the legal sense. It is a gift " to be applied consistently with existing laws for the benefit of an indefinite number of persons by bringing their hearts under the influence of education and religion." The institution known as the " Young Men's Christian Association " is to be found in almost every city and important town in the country. Its purposes are well known. It seeks to be the agent of the churches of all denominations in behalf of the young men. For these it maintains libraries, reading-rooms, lectures, classes of secular instruction, gymnasiums, and social meetings, besides prayer-meetings, bible-classes, and other religious meetings. It also has committees to invite strangers to its rooms, to direct them to proper boarding-houses, to secure work for those who are unemployed, and to visit the sick. *Appleton's Cyclopedia, Art. Young Men's Christian Associations.*

There is now a Young Men's Christian Association in Mount Holly, duly incorporated. It is capable of taking

and executing the trust, and the executors will be directed to pay the principal sum over to them on the trust. The gift to the testator's brother Charles, of the sum of $10,000, to the end that the interest be applied at discretion to alleviating the wants and suffering of the deserving poor of Mount Holly, is a charity which this court will protect and effectuate. The trustee died in the life-time of the testator, but the will provides for that event as well as for the event of his death after the decease of the testator. The gift is expressly to the "heirs and assigns" of Charles in case he should die before the testator, and provision is made for the appointment of trustees in case of his death or declining the trust. The testator manifestly intended that there should be, and accordingly provides for succession in the trust, and he contemplated the exercise of the discretion vested in his brother as trustee by those who might be trustees in his stead. It is, therefore, the duty of the court to appoint a trustee of the charity fund under consideration.