Norcross *v.* Murphy.

JOSEPH NORCROSS'S ADMINISTRATORS, appellants,

*v.*

RACHEL N. MURPHY'S EXECUTORS, respondents.

A will contained this clause: "The residue of my estate to be kept in reserve for further consideration in the way of charitable purposes, in a liberal way, not to any particular creed or sect of religion."—*Held, first,* that the clause did not contain a gift of the fund, but reserved it for the further consideration of the testatrix herself. *Second,* that if the fund was given the gift was void, as no beneficiary was indicated, nor any person appointed to select such beneficiary.

On appeal from a decree of Chancellor Runyon, whose opinion is reported in *Claypool* v. *Norcross, 15 Stew. Eq. 545.*

*Mr. Charles E. Hendrickson* and *Mr. Barker Gummere,* for appellants.

*Mr. Mark E. Sooy,* for respondents.

The opinion of the court was delivered by

BEASLEY, C. J.

The executors of the last will of Mrs. Murphy have filed this bill, seeking the instruction of the court touching one of its provisions.

The testatrix gives certain bequests, and among them one to the "Working Girls' Home," and another to the "Little Sisters of the Poor," of Philadelphia, and she then declares as follows:

"The residue of my estate to be kept in reserve for further consideration in the way of charitable purposes, in a liberal way, not to any particular creed or sect of religion."

Following this declaration or provision, is a revocation of former wills, and the appointment of the respondents as executors.

Norcross *v.* Murphy.

The subject for decision is, whether there is, by force of the foregoing language, any legal disposition of the residuum of the estate.

The first question embraced in the inquiry is, Has the testatrix manifested, to a reasonable certainty, her intention to dispose of this fund? She certainly has not, in terms, given it away. On the contrary, she says it is to be kept in reserve. Nor does she direct that it is to be *applied* to any purpose; but her declaration is "that it is to be kept in reserve for further *consideration* in the way of charitable purposes." This is not declaring, or indicating, that the money is to be distributed in the way of charity. The fact is, that more inapt language to express the idea of the appropriation of the fund to charitable uses to be selected by another could scarcely be imagined. I cannot find a single word in the clause that wears such an aspect. But, if, on the other hand, we assume that the clause has reference to the contemplated conduct in the future of the testatrix herself, each term in it becomes intelligible, and if not grammatical, at least appropriate. The phrases, " to be kept," " in reserve," " for further consideration," are all germain to the purpose, upon the supposition that the testatrix is expressing her own contemplated purpose. The adjective " further," as used in the sentence, is absolutely inapplicable to an act to be done by any person but herself.

The Chancellor found an argument against this view in the concluding clause of the sentence. He says: " It is not to be supposed that if the testatrix had intended merely to express an intention to withhold the residue for further disposition, she would have considered it necessary to speak with any particularity as to her design in reference to it. But the language is, that it is to be reserved for further consideration, ' in the way of charitable purposes, in a liberal way, and not to any particular creed or sect of religion.' "

But the circumstance, whatever its value, is, as it would seem, readily accounted for by the idiosyncrasy of the testatrix, as exhibited in her will, which the bill alleges was drawn by herself. It is quite manifest that she had a certain artlessness and

innocent self-appreciation that would naturally exhibit them-selves in the language in question.    In the preamble to her will she thus describes her past life :

"I have lived an honest, true and useful life, to my family and friends, most of my time has been spent in administering truly, freely and virtuously for their benefit and comfort," &c.

What more natural than that the same simple ingenuousness that led to this self-portrayal, would, likewise, induce the testa-trix, when dealing with the residue of her estate, to divulge the thought that she not only contemplated devoting it to charitable purposes, but that she would do so without a shade of bigotry. Indeed, if these expressions, cited by the Chancellor, are entitled to any force, they would seem to point to the testatrix as the per-son who was to reserve the fund for further consideration.

I find insuperable difficulties in agreeing with the Chancellor on this part of the case.

But there is a second objection that also seems to me fatal to this decree.

If the concession were made that the testatrix has in fact devoted this fund to charitable purposes, still the bequest is void, as the gift is general, and there is no testamentary designation of a person to select the objects of the benefaction.

The legal rule that avoids a bequest of this general character, under the conditions mentioned, is too well established to admit of discussion.    It is stated in all the text books.    Thus Jarman formulates it : " To constitute a charitable use there must be a donor, a trustee competent to take, a use restricted to a charitable purpose, and a definite beneficiary.    In case of a grant or demise, when there is no party or parties designated who can take the property, or where they are so uncertain that the court cannot direct intelligently the execution of the trust, the property remains undisposed of and falls to the heir or next of kin."

In the present will, if there be a gift, it is " in the way of chari-table purposes in a liberal way ; " and, therefore, unless we can say that some person has been indicated to make selection of the unnamed beneficiaries, the gift cannot be put in effect.    The Chan-

cellor inferred that the clause points to the executors as the agents of this function. But the will is absolutely silent on the subject, and unless it is to be inferred that the executors are meant because of such silence, there appears to be no reason for such conclusion. The fund is " to be kept in reserve for further consideration in the way of charitable purposes." But who is to take the matter into " further consideration?" This question the testatrix very plainly has not answered. It may be that she thought that the law, through the agency of the courts, would make the necessary selection of the objects of her bounty and distribute the moneys. It is not possible to hold that, as no trustee is designated for the purpose, therefore it is to be presumed that the executors were intended to act in that respect, for such a principle of construction would, in effect, be a revocation of the rule that, in cases of general bequests of this character, a trustee must be indicated, for such juncture is always present when such gifts exist in a testamentary form.

On both the grounds the decree should be reversed.

*Decree unanimously reversed.*