John Van Nostrand, executor of Josiah Schenck, deceased,

*v.*

The Board of Domestic Missions of the Reformed Church in America.

[Filed October 23d, 1899.]

1. Where the description of a legatee is erroneous, but there is no doubt as to the person intended, the mistake will not defeat the bequest.

2. Parol testimony is admissible to explain the intent of a testator in making a bequest to the "Domestic Missionary Society," where there are a number of missionary societies to which such term might apply.

On final hearing.

This bill is filed to get a construction of the residuary clause in the will of Josiah Schenck. This clause is as follows:

"All the rest, residue and remainder of my estate I give and bequeath to the Domestic Missionary Society, to invest the said amount, whatever it may be, in government bonds, and the interest accruing thereon to appropriate to the use of said society."

This residue is claimed by the Board of Domestic Missions of the Reformed Church in America.

The extrinsic evidence in the case is that the testator was a devoted member of the Reformed Church; that he was greatly interested in domestic missions, in preference to foreign missions; that in conversations upon the subject of domestic missions he ordinarily spoke of the domestic missionary society when speaking in reference to the board of domestic missions of his church, and of the foreign missionary society when speaking of the board of foreign missions of his church.

The draughtsman of the will also says that it was to the Board of Domestic Missions of the Reformed Church of America that he and testator, in their conversations before and at the time of the execution of the will, intended to give the legacy.

*Mr. George E. Page*, for the complainant.

*Mr. Alvah A. Clark* and *Mr. John D. Bartine*, for the defendants, the Board of Domestic Missions of the Reformed Church of America.

REED, V. C.

A gift to a corporation by a misnomer is good, especially if for a charitable purpose. *2 Perry Trusts 730*. In *Wilson* v. *Squire, 1 Younge & C. 654*, there was a bequest to the London Orphan Society in the city road. There was no society answering precisely this description, but there was a London Orphan Asylum, at Clapton, and an Orphan Working School in the city road. It was held that the legacy went to the latter.

In *Mount et al.* v. *Boston Asylum and Farm School et al.*,

*7 Metc. 416*, there was a gift to the Boys' Asylum and Farm School. There was no association of a similar name except one incorporated under the name of the Boston Asylum and Farm School for Indigent Boys. It was held that this association took.

In *Smith's Executors* v. *First Presbyterian Church of Bloomsbury, 11 C. E. Gr. 132*, there was a gift to the Blair Academy, of Blairstown. There was an institution under the corporate name of the Blair Presbyterian Academy. It was held that it took.

The general rule enunciated in the last case was that where the name or description of the legatee is erroneous and there is no reasonable doubt as to the person who was intended to be named, the mistake will not defeat the bequest. The general rule is supported by the cases cited in the opinion delivered in the last case and by the text-books. *Theob. Wills (4th ed.) 305*.

The evidence is that there was no other domestic missionary society in the church of which the testator was a member but the Board of Domestic Missions of the Reformed Church of America.

It is also in evidence that in his conversations with his pastor upon the subject of missions he was accustomed to allude familiarly to the two boards of foreign and domestic missions as the foreign missionary society and the domestic missionary society. This evidence was competent, although there was no latent ambiguity; for, says Mr. Hawkins, "It is to be observed that evidence in the shape of sayings, &c., of the testator, may be in certain cases adduced to show that he habitually used certain words, even where the description is not equivocal, provided the sense thus sought to be put upon them does not contravene their ordinary and legitimate meaning; this being distinct from evidence adduced to show in what sense he used the words on the particular occasion of writing the will." *Hawk. Wills 10; Duke of Leeds* v. *Amherst, 9 Jur. 359; Re Fethans Trusts, 1 Kay & J. 528*.

Among the things which may be shown in respect to the signification of words is the meaning which it can be conclu-

sively shown that the parties were in the habit of affixing to the words.  *Elph. Int. Deeds 48*

The society now claiming and the society described were both missionary societies, and both domestic missionary societies.  If the Board of Domestic Missions of the Reformed Church of America was the only society of the kind, it is apparent that it was the one intended by the testator.  But it is a matter of common knowledge that other church organizations have boards of foreign and domestic missions; therefore, the description may apply to them as well as to the defendant; the description thus becomes equivocal.  *Re The Clergy Society, 2 Kay & J. 615.*  This condition of affairs confers competency upon the parol testimony in respect to the expressed intent of the testator.  *Hawk. Wills 8.*

The scrivener who drew the present will testifies that it was the intention of the testator before, and at the date of the execution of the will, to make the Board of Domestic Missions of the Reformed Church in America the legatee.  Regarding the relations of the testator to this society, his habitual designation of it in his conversations as "the domestic missionary society," and his expressed intent in respect to the beneficiary who was to take under his will, I have no doubt that the Board of Domestic Missions of the Reformed Church in America is the legatee.  A decree will be advised accordingly.