Grace P. Coyle, late of Atlantic City, New Jersey, died in said city leaving a last will and testament dated May 13th, 1925 (of which the complainant is the administrator *Page 237 
with the will annexed), which was duly admitted to probate by the surrogate of Atlantic county.
Complainant filed its bill of complaint therein setting out at length the twenty-third and twenty-fourth paragraphs of said will, which are as follows:
"Twenty-three. I will and bequeath all the rest, residue and remainder of my estate, real, personal or mixed of whatever nature or kind or wheresoever situated at the time of my death. I do hereby give, devise and bequeath unto my sister, Nellie McGee, during her lifetime.
"Twenty-four. I direct after her death the estate go to some Catholic institution."
And prays that this court may construe the said last will and testament of the said Grace P. Coyle, deceased, and declare whether the residuary bequest is void, and if not, to whom the fund, if any in hand, should be paid.
The testimony presented in this cause is that all "Catholic institutions" in New Jersey are organized for the worship of God, the education of the young, nursing of the afflicted and sick and care of the helpless, and therefore are organized for either one or more of the following purposes, i.e., religious, educational, charitable or benevolent. Gifts for such purposes have been held as good charitable bequests in this state at least since DeCamp v. Dobbins, 29 N.J. Eq. 36, decided over fifty years ago.
In 1905 "An act concerning corporations of this state organized for religious, educational, charitable or benevolent purposes" (P.L. p. 384; 3 Comp. Stat. p. 4300) was enacted.
Section 14 thereof reads:
"Corporations organized for religious, educational, benevolent or charitable purposes; may acquire, hold and convey property; may act as trustee.
"Sec. 1. Every corporation of this state organized for religious, educational, charitable or benevolent purposes under the provisions of any act of the legislature of this state, general, special or private, is hereby authorized to take and hold by purchase, gift, devise, bequest or otherwise, for any religious, educational, charitable or benevolent purposes whatsoever, such real or personal property, or both, as such corporation may require, or as, in any manner, may have been or may be vested in such corporations for any or all of such purposes, and to *Page 238 
grant, bargain, sell or convey the same; and every such corporation is further authorized to take and hold in trust for any religious, educational, charitable or benevolent purposes whatsoever, such real or personal property, or both, as, in any manner, may have been or may be given, granted, conveyed, bequeathed or devised to, or otherwise vested in such corporation in trust for any of said purposes, and to grant, bargain, sell and convey property so held or to be held in trust for any such purposes, in accordance with the terms of the gift, grant, conveyance, bequest, devise or instrument creating such trust or trusts, respectively."
Using the language of Chief-Justice Gummere, in Smith v.Pond, 92 N.J. Eq. 211 (at p. 213): "It needs no argument to demonstrate that the present bequest comes within the very words of this statutory provision. The legatee is a religious corporation of this state organized under a general act of the legislature. As such it is authorized by the express language of the statute to take and hold in trust for benevolent purposes
such personal property as may be bequeathed to it. The use of the words `charitable or benevolent' in the statute shows that the purpose of the legislature was to validate trusts which were benevolent, although not charitable, in their nature. To hold otherwise would be in effect to expunge the latter word from the statute in disregard of one of the most important canons that the law has established for the construction of statutes and other written instruments. The reasoning of this court in Morris v.Thompson, supra, is controlling upon this point. The right of the corporation to receive the bequest carries with it, by necessary implication, the right of the testatrix to make it."
It follows, therefore, that a gift to a "Catholic institution" is a gift to a charitable institution; all such "Catholic institutions" being charitable institutions.
In DeCamp v. Dobbins, supra (at p. 50), Chancellor Runyon says: "A gift to a charitable institution or society will be presumed to be a charitable gift, though no purpose is named, and such institution or society will be presumed to hold such gifts in trust for those charitable purposes for which it exists."
There can be no question that the number of Catholic institutions is legion, and should some method be found to *Page 239 
limit the meaning of the words, "some Catholic institution" to some Catholic institution in this state, still the testimony is that their number runs well into the hundreds.
Therefore, although finding that this bequest is for charitable, benevolent or religious purposes, it still is void, as the gift is general, and there is no testamentary designation of a person to select the objects of the benefaction. Norcross'Admrs. v. Murphy's Exrs., 44 N.J. Eq. 522.
To paraphrase the language of Chief-Justice Beasley in the cited case: "In the present will, if there be a gift it is `to some Catholic institution' and therefore, unless we can say that some person has been indicated to make selection of the unnamed beneficiary, the gift cannot be put in effect. The will is absolutely silent on the subject, and it cannot be inferred that the executor is meant because of such silence. It is not possible to hold that as no trustee is designated for the purpose, therefore it is to be presumed that the executor was intended to act in that respect, for such a principle of construction would, in effect, be a revocation of the rule that in case of general bequests of this character, a trustee must be indicated, for such juncture is always present when such gifts exist in a testamentary form."
As to the twelfth clause which reads:
"Twelve. I will and bequest to the Reverend John Durappe, the sum of three hundred [$300] dollars. One hundred for masses for me."
The testimony convinces me that no person named "John Durappe" ever existed, nor is there sufficient proof of a misnomer of some actual person, and the first sentence of that clause falls; but the validity of the item "one hundred dollars for masses for me" remains to be considered. I cannot see that this bequest is in any form either charitable, benevolent or educational and subject to the rule above stated, although it is of deeper religious significance.
It is the same as though the decedent had directed a certain amount to be paid for the funeral expenses or the placing of a suitable memorial over her remains. *Page 240 
Conceding that she could direct the amount of money to be expended for the internment of her body, and the proper marking of the place thereof, most assuredly she could authorize the payment of a sum of money "for the repose of her soul." It becomes the duty of the executor to pay the sum of "one hundred dollars for masses" in the same manner as the funeral expenses.
A decree will be advised in accordance with these views. *Page 241