This bill was filed for partition of certain premises in Tenafly known as lots 27 and 28. While the suit was pending the premises were taken by eminent domain and the award paid into court. By consent of counsel this award is to be distributed in lieu of partition.
The respective interests of the parties are dependent upon the validity and effect of a large number of instruments effecting the premises. These constitute an intricate web, *Page 28 
since several of them consist of conveyances or attempted conveyances of rights which the grantors had or supposed they had and some of these conveyances were attempts by the same grantors to convey the same rights to different grantees. It is not claimed that there is any fraud in the apparent overlapping of title. It would seem that several of the documents were executed in an attempt to give effect to the supposed intentions of prior documents, and that later additional documents were executed under a changed belief as to the effect of the prior ones.
One James H. Ballagh at the time of his death in 1920 was seized in fee of lot 28, and there is no question of his undisputed right to this tract. He held title to lot 27 under a deed from his three sisters, Margaret J. Ballagh, May Ballagh and Anne P. Ballagh, now all dead, which contained a covenant that he and his heirs should pay an annuity and taxes on the premises during the lifetime of the grantors, with a provision that in case of default the premises should revert to the grantors.
It is claimed that James H. Ballagh did not pay all the taxes on this lot during the lifetimes of the three grantors, and the first question to be determined is as to whether such default caused the title to lot 27 to revert. In such case, distribution of the proceeds of this lot would be different.
I do not consider that the title to lot 27 was affected by this default, if any.
The principle involved is that laid down by the court of errors and appeals in Dunn v. Ryan, 82 N.J. Eq. 356. No claim was made by the grantors that the property had reverted, and in fact it would seem that after the death of James H. Ballagh the two then surviving grantors recognized his title in this lot, as they executed a deed to the Board of Foreign Missions of the Reform Church of America in an apparent attempt to perfect the title supposed to have been intended to be conveyed to this organization by his will.
The next document which might affect the premises is the will of James J. Ballagh, which provided so far as relates to the premises in question as follows: *Page 29 
"Three. The house and lot owned by me in Tenafly, Bergen county, New Jersey, I wish to devote to some purpose of permanent value to foreign missionaries of the churches belonging to the Presbyterian Faith and Order. If a Home for Returned Missionaries shall seem advisable, that will meet my approval; or any other wise use which shall be approved by some Mission Board and my executor."
I do not consider that this clause of the will had any effect on the premises and I find that James H. Ballagh died intestate as to the two lots. This clause of the will is too vague and indefinite to constitute a valid devise. Smith v. Smith,54 N.J. Eq. 1.
From the transactions which took place following the death of James H. Ballagh it would seem that the persons interested had grave doubts as to the validity of the devise. There was first an effort made to perfect the title of the Board of Foreign Missions of the Reform Church of America, which was evidently supposed to be the devisee, for we find that the executor of James H. Ballagh executed a deed, which was not recorded, purporting to convey the two lots to the Board of Foreign Missions and that the two surviving sisters of James H. Ballagh executed a deed to the society as before stated, and that later the board executed various deeds to the same premises to Robert and Anna McAlpine, to McAlpine as executor of James H. Ballagh, and to Mary and Anne Ballagh, the two surviving grantors of James H. Ballagh. As the devise was invalid none of these deeds had any effect, but it would seem that reliance on them or some of them influenced some of the parties thereto to execute further documents which will be considered later.
The heirs-at-law of James H. Ballagh were a daughter, Carrie E. Harrell; a daughter, Anna McAlpine; a son, James Curtis Ballagh, all of whom are still living, and a grandson, James K. Ballagh (a son of testator's son, Wilbur W. Ballagh, who pre-deceased testator, dying in 1911). This grandson, James K. Ballagh, died June 2d 1925, unmarried, and his heirs-at-law were his two aunts and his uncle, Carrie E. Harrell, Anna McAlpine and James Curtis Ballagh.
On October 9th, 1922, Mary and Anne P. Ballagh, the two surviving grantors of James H. Ballagh, conveyed their interest *Page 30 
in lot 27 to one William K. Ballagh, who in turn conveyed to the defendant James Curtis Ballagh. As has been heretofore determined, nothing passed by these deeds as title was in James H. Ballagh.
In accordance with the foregoing findings of law James H. Ballagh died intestate and his interest in the two lots passed to his heirs-at-law, a fourth interest to each. James Curtis Ballagh inherited a one-fourth interest from his father in each lot and later inherited a one-twelfth interest in each lot upon the death of his nephew, James K. Ballagh. In addition he purchased from his sister, Carrie E. Harrell, her one-fourth interest in lot 28. These interests in James Curtis Ballagh are undisputed. Carrie E. Harrell conveyed her one-fourth interest in lot 27 to Francis L.L. Harrell, who has since died and whose interest descended to his four children, Francis L.L. Harrell, Howard W. Harrell, Grace E. Harrell and Margharita L. Harrell, each of whom accordingly has a one-sixteenth interest in lot 27, subject to the right of dower of their mother. Similarly Mrs. Harrell conveyed to Francis L.L. Harrell the one-twelfth interest in lot 28, which she inherited from her nephew, James K. Ballagh, and accordingly the four children of Francis L.L. Harrell each are entitled to an interest of one-forty-eighth in lot 28, subject to the right of dower of their mother. Carrie E. Harrell further conveyed a one-twelfth interest in the other lot 27, which she inherited from her nephew, to May B. Kendall, one of the complainants.
It having been determined that James H. Ballagh died intestate there remains to be decided the effect of certain documents executed by Anna McAlpine and Robert, her husband, affecting the one-fourth interest in the two lots which she inherited from James H. Ballagh. On the 14th day of April, 1924, Robert and Anna McAlpine executed a deed which was acknowledged and recorded and which read that in consideration of the sum of one dollar and other valuable consideration the grantors "do hereby convey, grant and quit-claim to the said party of the second part," William K. Ballagh, all their right, title and interest in and to the premises *Page 31 
lots No. 27 and 28. William K. Ballagh deeded to James C. Ballagh the rights acquired by him from Robert and Anna McAlpine, and this deed was recorded in 1924. In 1926, Anna McAlpine and Robert, her husband, conveyed the same rights to the complainant, Kinnear. As this deed to Kinnear was executed after the death of James K. Ballagh, it concedingly conveyed to Kinnear the one-twelfth interest in each of the lots which Anna McAlpine inherited at the death of her nephew. As to the one-quarter interest in her father's real estate, it is obvious that the two deeds cannot both be valid. It is contended on behalf of complainant Kinnear that the deed to William K. Ballagh is a mere quit-claim deed without consideration; was executed under a misapprehension by the grantors; that they believed they had no interest in the premises and that they did not intend to convey anything to the grantee. Were this a mere quit-claim deed there might be some force to the argument for there is some testimony tending to show that Anna McAlpine, who was in Japan, did not fully understand the legal status of the property. But she herself testified that she thought William K. Ballagh was to be the beneficiary of the property after the death of the aunts to which she was perfectly willing, although she said she had no idea that he would sell the property to James C. Ballagh. It would appear, therefore, that she did intend to convey to William K. Ballagh. The deed expresses one dollar and other consideration. It was not clearly proved what other consideration there was, but it would seem that some provision for the aunts, to be and actually made by William K. Ballagh, would be sufficient consideration to sustain this requirement for a quit-claim deed. But this deed was valid in any event for it was not a mere quit-claim deed. It was not a mere release and quit-claim, but the language used was "convey, grant and quit-claim," which took legal effect as a conveyance of the fee-simple. Therefore James C. Ballagh took a one-fourth interest in each of the two lots by this deed, and the later deed from Anna McAlpine to complainant conveyed nothing *Page 32 
so far as the one-fourth interest inherited from her father is concerned.
The amount of the award is $42,000 for the two lots and I have accepted as the apportionment of values the mean between the amounts of the appraisals by the two expert witnesses, namely, $23,875 for lot 27, and $18,125 for lot 28.
Before such distribution there is to be paid the amount of taxes paid or advanced by Jane Lee Ballagh, on account of a tax lien on the premises. If this amount cannot be agreed on by counsel, a reference will be ordered.
The proceeds of lot 27 are to be distributed as follows:
To William H. Kinnear, one-twelfth, acquired by deed from Anna McAlpine of her inheritance from her nephew, J.K. Ballagh.
To May B. Kendall, one-twelfth, acquired by deed from Carrie E. Harrell of her inheritance from J.K. Ballagh.
To Francis L.L. Harrell, Howard W. Harrell, Grace E. Harrell and Magharita L. Harrell, each one-sixteenth, subject to dower of their mother, as heirs of their father, who purchased inheritance of Carrie E. Harrell from her father.
To James C. Ballagh, seven-twelfths, constituting one-fourth inherited from his father, one-twelfth inherited from his nephew, J.K. Ballagh, and one-fourth by deed of William K. Ballagh of interest inherited by Anna McAlpine.
The proceeds of lot 28 are to be distributed as follows:
To William H. Kinnear, one-twelfth, by deed of Anna McAlpine of her inheritance from her nephew, J.K. Ballagh.
To Francis L.L. Harrell, Howard W. Harrell, Grace E. Harrell and Margharita L. Harrell, each one-forty-eighth, subject to dower of their mother, as heirs of their father, who purchased from Carrie E. Harrell her inheritance from J.K. Ballagh.
To James C. Ballagh, five-sixths, constituting one-fourth inherited from his father, one-fourth by deed from Carrie E. Harrell, one-fourth by deed of William K. Ballagh of interest inherited by Anna McAlpine, and one-twelfth inherited from J.K. Ballagh. *Page 33