The case sub judice is for a construction of the last will and testament of Willet A. Hopkins, who died a resident of Jersey City. The testator provided in the fourth paragraph of his will as follows: "All the rest, residue and remainder of my estate, I give, devise and bequeath to the New Jersey Chapter of the American Red Cross." No such organization existed. There was and there is now an organization in Jersey City known as Jersey City Chapter of the American Red Cross. It is a well established principle of law that in the construction of wills courts will strive to uphold the will and thereby avoid intestacy. In other words, where it is *Page 14 
manifest that a person has endeavored to dispose of his earthly possessions by a last will and testament the court will presume he endeavored to dispose of his entire estate, and did not intend to die intestate as to any part of his property. Leigh v.Savidge, 14 N.J. Eq. 124 (at p. 134); Baldwin v. Baldwin,107 N.J. Eq. 91. If as urged by counsel for the defendant Bessie Place Durkee (formerly Bessie Scott), who it is claimed would inherit from the testator if he died intestate, that the fourth clause of testator's will should be declared invalid, the testator would then be regarded as having died intestate as to the residue and remainder of his estate, and in such event said defendant would share therein. In the construction of a will such as the one in question herein, where it appears from the proofs in the case there is no beneficiary in esse of the particular name designated in the will, the court will resort to extrinsic evidence in its endeavor to ascertain the intention of the testator. The American National Red Cross, one of the defendants herein, is alternately known as The American Red Cross and The American National Red Cross. It is incorporated, or given corporate privileges, by an act of Congress. There are no state chapters of said organization, but there are county organizations, referred to as county chapters, which have branch organizations in various municipalities, and there are local chapters situate in various municipalities throughout the state. The proofs herein show that Red Cross chapters and branches thereof throughout this state hold annual regional conferences for the purpose of disseminating views of the respective chapters and reporting activities thereof, with the object of furthering the interests of the respective chapters. There is no proof in this case that said chapter is incorporated or unincorporated, but whatever the fact may be in such respect, it is of no consequence herein. Counsel for one of the defendants has urged that unincorporated societies may not take a gift such as the one in question herein and that therefore Jersey City Chapter of the American Red Cross being as he claims (although there is no proof thereof herein) an unincorporated society, it may *Page 15 
not take the legacy intended by the clause of testator's will to which I have adverted hereinabove. There is nothing in the nature of a trust attached to the testamentary provision in question. If such there was and it should fail because of testator's failure to designate a trustee, this court under its well known power and authority would not allow the trust to fail, but would itself designate a trustee to effectuate the trust. I am not particularly concerned herein with respect to such aspect of the law because there is nothing in testator's will to indicate that the testamentary provision in question was to be in anywise curtailed or limited in its use; it is an out-and-out legacy of the residue and remainder of testator's estate which consists of a sum of money, to the "New Jersey Chapter of the American Red Cross," which, according to the proofs herein, I regard as being intended to mean Jersey City Chapter of the American Red Cross.
In Hadden v. Dandy, 51 N.J. Eq. 154, it was held that a bequest made without limitation as to its use, directly to an unincorporated, but regularly organized and well established charitable association, was valid. While Jersey City Chapter of the American Red Cross may not be a strictly charitable organization, it is evident from the proofs herein that it is a beneficent organization the objects of which are charitable in nature, and while its beneficence is confined primarily to Jersey City, it extends, when occasion requires, and upon call of the national organization, to charitable relief incident to exigencies and calamities. In New Jersey Title Guarantee andTrust Co. v. Smith, 90 N.J. Eq. 386, 391, the court held that the fact that a hospital, named as legatee, was unincorporated, was immaterial inasmuch as it was clearly capable of identification, and able to take the unconditional gift of personalty. The proof in said case established that the hospital was managed by a board of directors, and that its objects were of a charitable nature. In the case sub judice the misnomer of the intended beneficiary is of inconsequence, and it is immaterial that such beneficiary is unincorporated, if such be the fact, inasmuch as it is capable of identification, and is a well organized *Page 16 
body having upwards of seven thousand members, and governed by two honorary chairmen, a chairman, a vice-chairman, a treasurer, an executive secretary, committees for chapter development, production, home service, camp comforts and nursing activities, a chairman of disaster, a chairman of relief committee, a chairman of first aid and life saving, an honorary chairman of Junior Red Cross, and a chairman of Junior Red Cross. It is well established in law that a misnomer of a legatee or devisee will not render the legacy or devise void if the legatee or devisee intended by the testator can be clearly ascertained either from the will itself or from extrinsic evidence, and such rule applies to a devise or bequest to a corporation, association or society, as well as to an individual. 40 Cyc. 1445 (D), 1447 (e),1469 (7); Smith's Executrix v. First Presbyterian Churchof Bloomsbury, 26 N.J. Eq. 132; Goodell v. Union Association,c., of Burlington County, 29 N.J. Eq. 32; Lanning v. Sistersof St. Francis, 35 N.J. Eq. 392, and note thereto; Moore'sEx'r v. Moore, 50 N.J. Eq. 554; Van Nostrand v. Board ofDomestic Missions of the Reformed Church in America, 59 N.J. Eq. 19.
In the case sub judice it is conceded by counsel, and the proofs herein evidence, there was not at the time of the making of testator's will, nor at the time of his death, an organization known as "New Jersey Chapter of the American Red Cross," but that an organization then and now exists known as the Jersey City Chapter of the American Red Cross. It appears from the proofs herein that all moneys that are received by Jersey City Chapter of the American Red Cross, other than the sum of fifty cents from each local membership fee and such moneys as collected by said chapter upon the call of the national body to meet the requirements of exigencies and calamities, which sums are remitted to the national organization, are used for its own beneficent and charitable purposes. The proofs disclose that the testator resided in the household of Mrs. Corbett, one of the witnesses herein, who was an active worker in Jersey City Chapter of the American Red Cross for approximately sixteen years, and who had known the testator throughout the greater part of her life-time. *Page 17 
It appears that the testator was not inclined to charitable benefactions preceding an occasion when there was a calamity in Nova Scotia towards the alleviation of which Jersey City Chapter of the American Red Cross had contributed $1,000 to the American National Red Cross organization, and such philanthropy so impressed him that from that time on he manifested a keen interest in the activities of Jersey City Chapter of the American Red Cross and thereafter contributed thereto. It appears that his interest in said organization was augmented by the interest which he observed Mrs. Corbett manifested therein. The testator did not contribute to other organizations. It appears from the proofs herein that Mrs. Corbett inquired of him on one occasion as to whether he would be interested in contributing to a combined drive of the Knights of Columbus, Salvation Army and Red Cross, which organizations were striving for a collection of money for a praiseworthy cause, and he made known to her that his sole desire was to aid the chapter of American Red Cross Society with which she was identified. In German Pioneer Verein v. Meyer, 70 N.J. Eq. 192,
this court, upon an examination of the proofs therein held that in giving a legacy to the German Turner Home, Jersey City, the testator intended German Pioneer Verein as beneficiary. In Moore's Executor v. Moore, supra, it was held that where a gift was made to a corporation by an erroneous name, but the description of the legatee given by such name or otherwise was sufficient to enable the court, with the aid of extrinsic evidence, to identify the legatee with certainty, the misnomer would not defeat the gift. See, also, to the same effect Smith'sExecutrix v. First Presbyterian Church of Bloomsbury, supra.
In the latter case the court also held that the rule stated therein applied as well to a corporation as to an individual. I am convinced that the testator, Willet A. Hopkins, had in mind only Jersey City Chapter of the American Red Cross in making testamentary disposition of the residue and remainder of his estate by the clause of his will hereinabove adverted to, and that by the true intent and meaning thereof said testator intended to give and bequeath to Jersey City *Page 18 
Chapter of the American Red Cross the moneys representing therest, residue and remainder of his estate. I will advise a decree to effectuate such intention and testamentary disposition of testator's said estate.