The bill seeks a construction of the will of Charles A. Holmes, who died June 11th, 1936, in the town of West Englewood, county of Bergen, and State of New Jersey. It was probated before the surrogate of the county of Bergen on June 25th, 1936, and letters testamentary were issued to the complainant, Leah B. Holmes, who was the wife of the decedent, and the executrix in his will. The other executor in the will failed to qualify. Instructions are also sought.
The decedent left surviving him, in addition to the complainant, his wife, the defendant, Thurston S. Holmes, a son, who is the sole surviving next of kin. The personal estate of the decedent is in excess of $100,000. The fourth and fifth clauses of the will have given concern to the complainant, and it is those clauses about which she seeks the advice of this court.
The fourth clause of the will says that the remainder of the estate be constituted the residuary estate. In effect, the residuary estate is constituted a life estate for the complainant. The fifth clause of the will disposes of the residuary estate, and is expressed in these words:
"Fifth: Upon the death or remarriage of my wife, Leah B. Holmes. I hereby direct that my residuary estate shall be divided into four equal parts and disposed of as follows:
"5A. I hereby give, devise and bequeath one part to my son, Thurston S. Holmes, for his own use, absolutely and forever.
"5B. I hereby give, devise and bequeath one part to the Bergen County Society for the Prevention of Cruelty to Animals whose office is now in Englewood, New Jersey, for their own use, absolutely and forever.
"5C. I hereby give, devise and bequeath two parts to other Northern New Jersey struggling and legally constituted societies for the prevention of cruelty to animals for their own use, absolutely and forever. The amounts to be distributed to each society and the societies to be benefited by this provision of my last Will and Testament shall be allotted and designated by the New York Society for the Prevention of Cruelty to Animals."
Subdivision 5A of the fifth clause undoubtedly vests a one-fourth interest in the decedent's son, Thurston S. Holmes, subject to the life tenancy of his mother, Leah B. Holmes. *Page 129 
Subdivision 5B of the same clause gives a one-fourth interest in the residuary estate to the Bergen County Society for the Prevention of Cruelty to Animals, subject to the life tenancy of the complainant, the widow of the decedent.
The complainant and the defendant Thurston S. Holmes, while they do not appear to question the bequest to the Bergen County Society for the Prevention of Cruelty to Animals, they, at the same time, do not concede that that society has an actual one-fourth interest in the residuary estate subject as aforesaid. They suggest the inference that "at some appropriate time" they may "attack this interest." The remaining one-half interest in the residuary estate is given to "other Northern New Jersey struggling and legally constituted societies for the prevention of cruelty to animals for their own use, absolutely and forever; the amounts to be distributed to each society and the societies to be benefited by this provision * * * shall be allotted and designated by the New York Society for the Prevention of Cruelty to Animals." The bone of contention, very largely, appears to be subdivision 5C of the fifth clause.
There is no such society as the "New York Society for the Prevention of Cruelty to Animals." The defendant the American Society for the Prevention of Cruelty to Animals, which is a corporation of the State of New York, claims that the decedent intended that it was the society which the decedent had in mind when he wrote subdivision 5C of the fifth clause of his will and used the designation "New York Society for the Prevention of Cruelty to Animals."
The Bergen County Society for the Prevention of Cruelty to Animals maintains that subdivision 5C of the fifth clause is legal and valid, and takes the position that it may be entitled to some of the funds bequeathed by subdivision 5C as aforesaid. The argument of this last named society is without substance when we examine subdivision 5C of the fifth clause of the will, and find there the words "other * * * societies." The word "other" in my opinion clearly and expressly excludes the Bergen County Society for the Prevention of Cruelty to Animals from any additional consideration. *Page 130 
It is clearly evident that the "New York Society for the Prevention of Cruelty to Animals" selected by the testator to allot and designate the "other northern New Jersey struggling and legally constituted societies for the prevention of cruelty to animals," was not in existence prior to, at, or after the death of the testator, and no such organization bearing that title existed, or appears to have existed. Certainly, the language used in making the gift to "other northern New Jersey struggling and legally constituted societies for the prevention of cruelty to animals," is vague and indefinite. What did the testator mean by the use of the word "northern" in that phrase or title? The word "northern" is not definite. It has no legal geographical significance. It has no line of demarcation in the State of New Jersey. The will, or the paragraph in which the last mentioned title appears, does not show what counties, cities, municipalities, or sections, are comprised in the word "northern." The testator may have meant north of the center line of New Jersey; or north of Mercer county; or north of Middlesex county. But neither the testament, nor the evidence discloses just what the word "northern," as used by the testator, includes. The testator most assuredly had no intention of giving the fund "to any and every northern New Jersey society." He intended to distribute the funds among "struggling and legally constituted societies." These quoted words in the last sentence, as written in subdivision 5C of the will, are ambiguous. No evidence was submitted to suggest what the idea of the testator was as to "struggling" societies. However, the fictitious, or non-existent, designee, the "New York Society for the Prevention of Cruelty of Animals" was selected as the judge of what would constitute "struggling" societies for the prevention of cruelty to animals, and this court, under the existing conditions, is not required to express a determination upon the point. There is no one to make an allotment.
It is my opinion that if the allotment, or allotments, mentioned in subdivision 5C of the fifth clause, could be effected, that the same, under the circumstances, would be an outright gift. It also appears that the testator omitted to state *Page 131 
whether his designee in subdivision 5C was a society residing in New York City, or in New York State. There is no evidence submitted on that point. Evidence to show that the testator ever, at any time, mentioned, orally, or in writing, or knew, that such society as the American Society for the Prevention of Cruelty to Animals existed, is lacking. There is not the slightest evidence to indicate that he ever spoke of that society, had ever visited it, or contacted it. New Jersey Title Guarantee and Trust Co.
v. The American National Red Cross, 111 N.J. Eq. 12; GermanPioneer Verein v. Meyer, 70 N.J. Eq. 192; Moore's Executor v.Moore, 50 N.J. Eq. 554.
In the case of the New Jersey Title Guarantee and Trust Co.
v. The American National Red Cross, supra, the court said (atp. 16):
"It is well established in law that a misnomer of a legatee or devisee will not render the legacy or devise void if the legatee or devisee intended by the testator can be clearly ascertained either from the will itself or from extrinsic evidence, and such rule applies to a devise or bequest to a corporation, association or society, as well as to an individual. 40 Cyc. 1445 (D),1447 (e), 1469 (7); Smith, Executrix, v. FirstPresbyterian Church of Bloomsburg, 26 N.J. Eq. 132; Goodell v.Union Association, c., of Burlington County, 29 N.J. Eq. 32;Lanning v. Sisters of St. Francis, 35 N.J. Eq. 392, and note, thereto; Moore's Ex'r v. Moore, 50 N.J. Eq. 554; Van Nostrand
v. Board of Domestic Missions of the Reformed Church in America,59 N.J. Eq. 19."
The defendant societies in the instant case, were given a wide latitude in presenting evidence as to the testator's intention; but the testimony is absolutely bare of any evidence favoring their claims. In German Pioneer Verein v. Meyer, supra, the court said (at p. 195):
"Parol evidence to show the situation and surroundings of the testator, and the objects and persons with whom he was familiar, and upon whom his affections were resting, is always competent in these cases. It does not contravene the general rule of law against the use of parol evidence to supplement *Page 132 
wills. It does not attempt to show what the testator meant to say, but simply to show what he meant by what he did say, or, as was said by a learned English judge, in Richardson v. Watson,4 Barn. Ad. 787, `such evidence is admissible to show not what the testator intended, but what he understood to be signified by the words he used in the will.'
"A large number of illustrative cases are collected by Vice-Chancellor Wigram, in his essay on `Extrinsic Evidence in Aid of the Interpretation of Wills,' fourth edition, by Knox Wigram.
"I will only mention Beaumont v. Fell, 2 P. Wms. 140;Fonnereau v. Poyntz, 1 Br. Ch. C. 472; Boys v. Williams, 2Russ. M. 689; Wilson v. Squire, 1 Younge Coll. C.C. 654."
In Chelsea National Bank v. Our Lady Star of the Sea,105 N.J. Eq. 236, the court said:
"Therefore, although finding that this bequest is for charitable, benevolent or religious purposes, it still is void, as the gift is general, and there is no testamentary designation of a person to select the objects of the benefaction. Norcross'Adm'rs v. Murphy's Ex'rs, 44 N.J. Eq. 522.
"To paraphrase the language of Chief-Justice Beasley in the cited case: `In the present will, if there be a gift it is "to some Catholic institution," and therefore, unless we can say that some person has been indicated to make selection of the unnamed beneficiary, the gift cannot be put in effect. The will is absolutely silent on the subject, and it cannot be inferred that the executor is meant because of such silence. It is not possible to hold that as no trustee is designated for the purpose, therefore it is presumed that the executor was intended to act in that respect, for such a principle of construction would, in effect, be a revocation of the rule that in case of general bequests of this character, a trustee must be indicated, for such juncture is always present when such gifts exist in a testamentary form."
Also see Brown v. Condit, 70 N.J. Eq. 440; Kinnear v.Ballagh, 109 N.J. Eq. 27; Morristown Trust Co. v. Morristown,82 N.J. Eq. 521; Smith v. Smith, 54 N.J. Eq. 1; Norcross'Adm'rs v. Murphy's Ex'rs, supra. *Page 133 
As above indicated, it is my opinion that the bequests contained in subdivision 5C of the fifth clause, are outright gifts; consequently, the failure to properly designate the donee, invalidates the gifts. If the bequests were in their nature charitable trusts a different principle might apply — the doctrine of cy pres. The testator's expression in subdivision 5C of the fifth clause of his will "for their own use, absolutely and forever," stamps the nature of the bequests.
In the instant case, the complainant is advised and instructed that subdivision 5C of the fifth clause of the testator's will is void and of no effect; and that the one-half of the residuary estate mentioned in said subdivision 5C shall vest in those entitled under the laws of this state.