Mary E. Gardner of the city of Summit, county of Union, this state, died May 29th, 1935, leaving a last will and testament probated by the surrogate of Union county on June 29th, 1935, in which she named The First National Bank and Trust Company of Summit, New Jersey, as executor and trustee.
In her will the decedent provided the following:
"Fourth: I give and bequeath to Bonnie Burn Sanatarium, Union County, New Jersey, ten shares of the stock of Summit Home Land Company.
 * * * * * * * "Tenth: If my sister, Josephine, shall survive me, then all the rest, residue and remainder of my estate, real, personal and mixed, of whatsoever nature, kind or description the same may be and wherever situate, I give, devise and bequeath unto my trustee hereinafter named, in trust, nevertheless, to and for the following uses and purposes, to wit: to invest and reinvest the same from time to time, in such securities and investments as to my said trustee may seem proper, whether or not such securities and investments be such as are prescribed by the laws of the State of New Jersey for the investment of trust funds, and to receive and collect the income therefrom and to pay the same as collected to my said sister Josephine for life. If my said sister Josephine shall predecease me, or when she shall die, then I do give, devise and bequeath all of said rest, residue and remainder of my estate to the Young Women's Christian Association of Summit, N.J., and to Bonnie Burn Sanatarium, Union County, New Jersey, the same to be equally divided between them."
Josephine Gardner, mentioned in the tenth paragraph of the will, predeceased the testatrix, she having died April 2d 1935. The administration of the estate has reached the point where final distribution is to be made and this bill is filed by The First National Bank and Trust Company of Summit, New Jersey, the executor and trustee for the purpose of obtaining the construction of the will and the direction of this court as to the payment of the said legacies. *Page 417 
It is admitted that there exists no legal entity known as Bonnie Burn Sanatarium; that demand has been made upon complainant by the board of chosen freeholders of the county of Union on behalf of the defendant the county of Union for the payment to the county of the legacies mentioned upon the ground that the county is entitled to the same, it having established in the township of Scotch Plains, Union county, a hospital for the care of tubercular patients, which institution it maintains and operates, and which is known as Bonnie Burn Sanatarium.
The complainant alleges that if it is determined that the county of Union is not entitled to the legacies mentioned that then such legacies would lapse and pass to the heirs-at-law of the deceased, who, it is stipulated, are the following named defendants: William G. Lewis, Lillian L. Jacobs, Violet L. Hann, Oscar L. Gardner, Richard A. Gardner, Linnett Gardner Barkman, Meta Gardner Hockenbury, Ethel B. McConnell, Mildred G. McMillan, Russell H. Gardner, Evelyn G. Altengarten, Vincent C. Gardner, Marion G. Voorhees and Albert Gardner.
Rev. Stat. (1937) 30:9-48 provides:
"The board of chosen freeholders of a county may establish a county tuberculosis hospital and having so voted shall have the following powers:
 * * * * * * *
"To accept and hold in trust for the county any gift or bequest of money or personal property or any grant or devise of land within or without the boundaries of the county to be applied, principal or income or both, for the benefit of the hospital, and to apply the same in accordance with the gift."
Source, L. 1912 ch. 217 p. 340 § 1, as amended by L. 1918ch. 272 p. 1014 § 1; L. 1922 ch. 269 p. 654 § 1 (1924 Suppl. §92-110); L. 1933 ch. 406 p. 1122 § 1.
The bequests in the fourth and tenth paragraphs of the will to Bonnie Burn Sanatarium, Union county, New Jersey, are valid and are payable to the county of Union. It is established law that a misnomer of a legatee or devisee will not render the legacy or devise void if the legatee or devisee *Page 418 
intended by the testator can be clearly ascertained either from the will itself or from extrinsic evidence, and the rule applies to a devise or bequest to a corporation, association or society, as well as to an individual. The misnomer will not defeat the gift. New Jersey Title Guarantee and Trust Co. v. AmericanNational Red Cross, 111 N.J. Eq. 12; Moore's Ex'r v. Moore,50 N.J. Eq. 554. The bequest is, in effect, to the corporation owning the hospital, the county of Union. Lanning v. Sistersof St. Francis, 35 N.J. Eq. 392. There can be no doubt in this case of what the testatrix intended. And it is the general rule that where the name or description of the legatee is erroneous and there is no reasonable doubt as to who was intended to be named or described, the mistake will not defeat the bequest.Smith's Executrix v. First Presbyterian Church of Bloomsbury,26 N.J. Eq. 132.
Decree in accordance with the foregoing. *Page 419