In the pursuit of its fiduciary duties as trustee under the directions of the last will and testament of William A. Paton, deceased, the plaintiff has encountered some incertitude concerning the identity of some of the beneficiaries signified by the testator in the seventh article of his will.
The perplexing ambiguity arises in the testamentary disposition "to the grandchildren of said William Paton then living and the issue of any deceased grandchild, per stirpes and not per capita," which is here transcribed:
"Seventh: All the rest, residue and remainder of my estate, real and personal, I give devise and bequeath to said Farmer'sLoan Trust Company, in trust as follows:
"1. To invest and re-invest the same, to collect the income thereof, and to pay the net income thereof as received, but without anticipation, to my wife, Margaret Atlee Jackson,
daughter of Philip Nye Jackson, during the term of her life.
"2. On the death of my said wife, to pay and divide the same to and among my children then living and the issue of any deceased child, per stirpes and not per capita, the principal of the share of any child or issue not to be paid to said child or issue until he reaches the age of twenty-one years.
"3. In the event of the death of my wife before me, leaving no children of mine or issue of any deceased child me surviving, or of her death after me leaving no children by me her surviving, or issue of any deceased child, then on her death I direct that the sum of Twenty-five Thousand Dollars ($25,000.00) be paid from said trust fund to the National Academy of Design in the Cityof New York, the same to be invested and the income thereof to be given annually as a prize for painting to the artist, born in the United States and resident therein for three years previous to the award, who shall be chosen by an annual competition, the terms and conditions of which shall be fixed by said NationalAcademy of Design. One-half of the remainder of said trust *Page 334 
fund I give, devise and bequeath to the grandchildren of saidWilliam Paton then living and the issue of any deceased grandchild, per stirpes and not per capita, and the other half, or the whole thereof failing said grandchildren or their issue, shall go as my wife shall by her last Will and Testament
provide."
The name "William Paton" is not mentioned elsewhere in the will, nor is there language in the will expressive of the identity of the "said William Paton." A latent ambiguity is produced by the extraneous fact that both the father and a nephew of the testator were named "William Paton."
To resolve such an ambiguity extrinsic evidence is permissible which, in its nature and pertinency is explanatory of the intention of the testator. Griscom v. Evens, 40 N.J. Law 402, affirmed 42 N.J. Law 579; Van Nostrand v. Reformed Church inAmerica, 59 N.J. Eq. 19, 44 Atl. 472; German Pioneer Vereinv. Meyer, 70 N.J. Eq. 192, 63 Atl. 835, affirmed72 N.J. Eq. 954, 67 Atl. 23; Noice v. Schnell, 101 N.J. Eq. 252,137 Atl. 582; Holmes v. American Society, c., Animals,123 N.J. Eq. 127, 196 Atl. 718; Rausch v. Libby, 132 N.J. Eq. 527,29 Atl. (2d) 378; Guaranty Trust Co. v. CatholicCharities, 141 N.J. Eq. 170, 56 Atl. (2d) 483.
The testator, a resident of Mercer County, died on December 11, 1918. His will was executed on November 17, 1911. He was one of the three children of William Paton, who died in 1895. The testator had two brothers, David Paton and Stewart Paton. The former died on November 27, 1925, unmarried and without issue; the latter died on January 7, 1942, leaving him surviving his widow and three children, William Paton, R. Townley Paton, and F. Evelyn Paton Powell, who are all now living.
At the time of the execution of the will Evelyn was about 20 years of age, William about 17, and Townley about 10 years old. None had yet married. All have since married. William now has four daughters; Townley has two daughters and a son; Evelyn has no issue.
Any notion that the testator in using the designation "said William Paton" intended to refer to himself would be manifestly fantastic because it is observed that the gift in remainder is expressly predicated upon default of issue of the testator. *Page 335 
There is no reason to infer that the testator entertained an exceedingly odd and anomolous intention to bestow substantially one-half of the corpus of his residuary estate upon the unborngrandchildren of an unmarried seventeen-year-old nephew.
All of the accompanying and surrounding circumstances support the conclusion that in the denomination "said William Paton" the testator meant his deceased father whose grandchildren, William Paton, R. Townley Paton, and F. Evelyn Paton Powell, the testator had then in mind as the natural objects of his bounty in the eventuality mentioned in the residuary clause of his will.
Judgment accordingly.